BERRY v. THE UNION TRUST COMPANY, *Plaintiff in Error.*

Justice's Courts: APPEAL. The rule, that when an appeal is taken from a justice of the peace after the judgment day, the case will not be triable at the return term of the appellate court, unless the appellant gives notice of the appeal ten days at least before that term, or the appellee enters his appearance on or before the second day of the term, " it may be conceded, is waived or dispensed with, by the fact, that the appellant gives, and the appellee accepts notice, in writing, to take depositions, and the depositions are accordingly taken—both parties being present—and afterwards filed in the cause, before the return term; and by the further fact that the appellee, on the third day of the return term, took out subpœnas for witnesses; so far, at least, as to make the case *triable*, at the return term; but such facts, do not authorize an *affirmance* of the justice's judgment, *at the return term*, as for a *failure* to prosecute the appeal."

*Error to Vernon Circuit Court.*—HON. J. D. PARKINSON, Judge.

REVERSED.

*Jno. Montgomery, Jr.*, for plaintiff in error, cited *Gluch v. Diebold*, 1 Mo. App. 265; *Pearson v. Lovejoy*, 35 How. Pr. 195; 3 Mo. 122; 50 Mo. 404.

*Scott & Stone* for defendant in error, cited *McCabe v. Lecompte*, 15 Mo. 78; *Henderson v. Henderson*, 55 Mo. 545.

RAY, J.—It appears from the record that this suit was originally commenced before a justice of the peace in Ver-

non county; that on the return day, the defendant not appearing, judgment by default was rendered against it; that within ten days thereafter the defendant filed its motion for a new trial, which was by the court overruled; that afterward said cause was duly appealed to the circuit court of that county, but that said appeal was taken or allowed on a day subsequent to the rendition of the judgment; that no notice of said appeal was given by appellant, and no entry of appearance in said cause was made by appellees, as required by law on or before the second day of the return term of said appeal. It also appears that after the transcript was filed with the clerk of the circuit court, the defendant gave notice to plaintiffs that it would take depositions in said cause at a time and place specified; and that plaintiffs waived the formal service of said notice by accepting service thereof in writing; that said depositions were taken accordingly; that plaintiffs appeared and cross-examined the witnesses, and that said depositions, so taken, were duly filed with the clerk of said circuit court before the commencement of the return term of said appeal. It further appears that plaintiffs, on the third day of said term, ordered and had issued and served a subpœna for witnesses in said cause. Afterward, to-wit: on the 19th day of said term plaintiffs filed in said cause the following motion, to-wit: "Now come plaintiffs and move the court to affirm the judgment of the justice, for the reason that defendant fails and refuses to prosecute its appeal in this court;" which motion was sustained by the court, and judgment was rendered thereon. Afterward, on the same day, the defendant appearing solely for this motion, filed its motion to set aside said judgment of affirmance, for the following among other reasons, to-wit: Because the same was improvidently and improperly rendered—said cause not being triable at that term; Because said appeal not having been taken on the day of the rendition of the judgment, and no notice thereof having been given the appellees, and no appearance of

said appellees having been entered, in said cause, on or before the second day of said term, said affirmance of said judgment was premature, illegal and improper; and because it is shown, by affidavit, that said defendant has a good and meritorious defense to said action." But the court overruled this motion; whereupon the defendant duly excepted, and has brought the case here by writ of error.

The controlling question presented by this record is the propriety of the ruling of the circuit court in its judgment sustaining said motion for the affirmance of said judgment. This ruling involves the construction of section 22, 2 Wagner's Statutes, 850, being section 3056 of the Revision of 1879, which provides: "If the appellant fail to give notice of his appeal, when such notice is required, the cause shall, at the option of the appellee, be tried at the first term, if he shall enter his appearance on or before the second day thereof; or, at his instance, shall be continued, as a matter of course, until the succeeding term, at the cost of the appellant, but no appeal shall be dismissed for want of such notice." By section 21 same statute it is provided that when the appeal is not allowed on the same day when the judgment is rendered, notice is required to be served on the appellee ten days before the term at which the cause is to be determined, and by the 20th section of the same act " all appeals allowed ten days before the first day of the term of the appellate court, next after appeal allowed, shall be determined at such term, unless continued for cause."

This precise question has been decided by this court adversely to the above ruling of the circuit court in this case. In *Nay v. Hann. & St. Jo. R. R. Co.*, 51 Mo. 575, the court, after quoting and referring to the above sections, proceeds to remark: " From these provisions of the statute it is apparent that the appellee can only demand a trial at the first term, when he shall have entered his appearance on or before the second day of the term. If he fails to enter his appearance as indicated, the case cannot be tried

at that term, unless by consent of both parties. It will stand continued, as a matter of law, till the next term. * * But a judgment of affirmance for want of prosecution cannot be taken at the return term of said appeal." In the case of *Blake v. Downey*, 51 Mo. 437, where judgment by default was rendered at the return term, the same doctrine is affirmed, and the court say : "The appeal not having been taken on the day the judgment of the justice was rendered, and no notice thereof having been given, the cause was not properly for trial." And it may be added, that, even if the appellees had duly entered their appearance at the return term as required by statute, the most they could have done was to demand and have the cause tried at the first term; or at their instance, continued as a matter of course, until the succeeding term, at the cost of the appellant. This, the appellees in this case did not ask; but instead thereof, demanded and obtained an affirmance of the judgment of the justice. This they clearly had no right to have. It was error, therefore, in the circuit court to sustain said motion; and its said judgment of affirmance should have been set aside on the motion of defendant for that purpose.

The fact that the defendant, after the transcript of the justice in said cause was filed with the clerk of the circuit court, caused notice of the taking of depositions to be served on the plaintiffs; and the fact that plaintiffs waived the formal service of the notice by accepting service thereof, in writing; and the fact that said depositions were taken, and that plaintiffs appeared and cross-examined the witnesses, and that said depositions were filed with the clerk of said circuit court before the return day of said appeal, it may be conceded, may so alter the case as to make the cause triable upon its merits at the first term; but, still, that would not authorize an affirmance of the judgment of the justice at that term, on the ground of a failure to prosecute said appeal.

The views herein expressed are not in conflict with

28—75

*Page v. A. & P. R. R. Co.*, 61 Mo. 78. There it appeared that no notice of the appeal was given till after the second term of court; and that at the third term the plaintiff moved for and obtained an affirmance of the judgment of the justice. It also appeared that at all three terms of said court, the plaintiff subpœnaed witnesses, in order to get ready for trial; but that the case, owing to the state of the docket, was never reached for trial, at any time prior to the affirmance. It was there held that unless there be a voluntary appearance in the cause, notice is indispensably necessary; but that a party, if he chooses, may voluntarily appear in court, and he will then be subject to the same jurisdiction as if he had been brought in by notice or regular process; and that any act of his that, from its nature, implies that he is in court for general purposes—as to plead to the merits, or contest the trial, will be sufficient. It was, therefore, held that the plaintiff, by his conduct in the premises, had made such an appearance in court as subjected him to its jurisdiction, and that the court thereby acquired jurisdiction to proceed to try the whole case; and it was, therefore, error simply to affirm the judgment of the justice for a failure to prosecute said appeal, instead of proceeding to try the whole case upon its merits as it should have done. So, in this case, if it be conceded that the plaintiffs, by subpœnaing witnesses in the cause, on 'the third day of the return term, thereby subjected themselves to the jurisdiction of the court, so as to give the court jurisdiction to proceed to try the whole case upon its merits, it was not thereby authorized to affirm the judgment of the justice for a failure to prosecute said appeal, as was done in this case. For these reasons the judgment of the trial court is reversed and the cause remanded. All concur.