THE STATE ex. rel. COMPAGNIE GENERALE TRANSATLANTIQUE v. VICTOR H. FALKEN-HAINER. et al., Judges of Circuit Court.

Division One, July 1, 1925.

1. **PROHIBITION**: Jurisdiction. If the trial court did not have juris-diction to render judgment by default against relator, prohibition is a proper remedy.

2. **JURISDICTION**: No Service: Appearance by Depositions: Volun-tary. Where there was no service of process upon the defendant foreign corporation, its voluntary appearance, by counsel, in the taking of depositions, is a submission of itself to the jurisdiction of the court in which the cause is pending; and though witnesses, even though they be defendant's officers, are forced by dedimus and notice to appear and testify, the defendant is not compelled to ap-pear at the taking of depositions by a commissioner in a foreign state, and if it does appear by counsel such appearance is deemed voluntary.

3. ————: Dependent upon Facts: Prohibition: Collateral Proceeding. Ordinarily when the jurisdiction of a court of defendant's person is dependent upon facts, the finding of the court that it has juris-diction cannot be questioned in a collateral proceeding, and pro-hibition to restrain the court from enforcing a default judgment is a collateral proceeding. But where the facts upon which such jurisdiction depends are undisputed or agreed upon or conceded, the question of jurisdiction becomes one of law, and can be urged in a collateral proceeding.

4. **APPEARANCE**: By Counsel: At Taking of Deposition: Foreign Lawyer. Where a regular attorney-at-law has appeared at the taking of a deposition in another state as counsel for defendant, and such appearance amounts to a submission to the jurisdiction of the court in this State in which the cause is pending, although process has not been served, it will be presumed that such appear-ance was with authority from his client; and in such case it is immaterial, in determining the jurisdiction of the trial court of the defendant's person in a collateral proceeding like prohibition, whether such counsel was a Missouri lawyer or a lawyer in the State where the deposition was taken.

State ex rel. v. Falkenhainer.

5. ———: ———: ———: **Relating to Merits.** Testimony in the deposition by the passenger manager of the defendant foreign corporation, on whose steamship plaintiff claims to have been injured, relating to the purchase by plaintiff of his ticket; relating to the authority of the man in this State from whom he obtained the ticket; confirming the fact that plaintiff was a passenger on the ship; relating to a report made by defendant's agents to the office in the city in another State where the deposition was taken, and showing that the company had there received a report of the accident and that it had sent its report to its counsel in this State, relates to the merits of the case, and the appearance of defendant's counsel at the taking of said deposition must be held to be a submission by defendant to the jurisdiction of the court in which the cause was pending, although it was never served with process, and although apparently one purpose in taking the deposition was to ascertain the residence or place of business in this State of defendant's agent upon whom process could be served.

6. ———: ———: ———: **Submission to Court.** Any action on the part of defendant, except to object to the jurisdiction, which recognizes the case as being in court, will amount to a general appearance, and will give the court jurisdiction of defendant, although he has never been served with process. And the appearance by defendant's counsel at the taking of depositions by plaintiff may be such general appearance. And where defendant's counsel appears at the time and place named in the notice for taking the depositions, and consents that, for his convenience, they may be taken in his own office, and stipulations with opposite counsel then made that "all objections as to materiality and relevancy may be reserved until the time of trial," followed by objections by said counsel to the form of the questions and a cross-examination of witnesses on their testimony relating to the merits, amount to a general appearance by defendant and a submission to the jurisdiction of the Missouri court in which the petition has been filed.

7. **JURISDICTION: Subject-Matter: Foreign Corporation: Injury on Ocean: Admiralty.** The circuit courts of this State have jurisdiction of the subject-matter of an action to recover damages for personal injuries received by a citizen of this State on the high seas while a passenger on a steamship, if the action is brought against the foreign corporation which owns the ship. If the suit is brought against the owner, and not against the ship, the fact that Federal courts alone have admiralty jurisdiction in actions *in rem* does not affect the jurisdiction of the State court of the subject-matter. The suit being a common-law action based on negligence or a tort, and the only judgment sought being one for damages against the owner of the ship, the injured passenger has a

309 Mo. Sup.—15.

right to elect his common-law remedy to sue in a common-law court, rather than to go into an admiralty court and there undertake to hold the vessel for damages. The action is one *in personam*, and the right of a citizen to elect to sue the foreign corporation which owns the vessel, either in the State court or in the proper Federal court, is preserved by the Judiciary Act of Congress of 1789.

Corpus Juris-Cyc. References: **Admiralty,** 1 C. J., Section 22, p. 1253, n. 67; Section 24, p. 1253, n. 71, p. 1254, n. 72. **Appeal and Error,** 3 C. J. Section 649, p. 752, n. 86. **Appearances,** 4 C. J., Section 23, p. 1330, n. 62; Section 27, p. 1333, n. 1; Section 42, p. 1352, n. 42; Section 43, p. 1353, n. 48. **Attorney and Client,** 6 C. J., Section 128, p. 631, n. 76, p. 633, n. 88. **Courts,** 15 C. J., Section 166, p. 847, n. 31, p. 849, n. 34. **Judgments,** 33 C. J., Section 35, p. 1075, n. 58; 34 C. J., Section, 372, p. 161, n. 27; Section 548, p. 327, n. 47; Section 834, p. 531, n. 17; Section, 851, p. 552, n. 44, p. 553, n. 45. **Prohibition,** 32 Cyc. p. 604, n. 32; p. 605, n. 36, 38.

## Prohibition.

PRELIMINARY RULE DISCHARGED.

*William C. Robinson* for plaintiff.

(1) Prohibition is the appropriate remedy to restrain respondents from the exercise of jurisdiction which they do not possess. State ex rel. Bowling v. Barnett, 245 Mo. 99; State ex rel. Hunt v. Grimm, 234 Mo. 667. (2) The exercise of jurisdiction over the relator by the respondents would deprive the relator of its property without due process of law. Pennoyer v. Neff, 95 U. S. 714; Riverside Mills v. Menefee, 237 U. S. 193; Baker v. Baker, 242 U. S. 403. (3) If, before a case is at issue or service of summons is made on the defendant, the plaintiff serves notice on the defendant of the taking of a deposition and the defendant appears at the taking of such deposition, such appearance is not a voluntary appearance and is not a general appearance in the case. Bentz v. Eubanks, 4 Pac. 271. (4) Acts of a defendant sufficient to constitute a general appearance in a case must be such as to indicate an intention to enter such appearance. Roberts v. American, 207 Mo. App. 239; State v. Southern, 278 Mo. 610; Ferguson v. Ross, 5 Ark,

517; 3 Cyc. 509. (5) The appearance of a defendant at the taking of a deposition not on the merits of the action does not constitute a general appearance in the case. State ex rel. Shoemaker v. Hall, 257 S. W. 1050. (6) The appearance of a New York attorney at the taking of depositions in New York could not effect the general appearance of the defendant in the Missouri court when such attorney was not admitted to practice in the Missouri court. State v. Muench, 230 Mo. 236; Bradley v. Welsh, 100 Mo. 258.

*Leahy, Saunders & Walther* for respondents.

(1) If a litigant voluntarily appears in opposition to a matter affecting the merits of the cause, contests the same, objects to the introduction of testimony and cross-examines the witnesses therein, he thereby submits to the jurisdiction of the court over his person. Hays v. Laclede-Christy, 245 S. W. 196; Bankers' Life Assn. v. Shelton, 84 Mo. App. 639; Bartschat v. Downey, 172 Mo. App. 636; State ex rel. v. Grimm, 239 Mo. 174; Mahr v. Union Pac. Ry. Co., 140 Fed. 921; Merchants Heat & Light Co. v. J. B. Clow & Sons, 204 U. S. 286; Linton v. Heye, 69 Neb. 450; Ohio South. Ry. Co. v. Morey, 47 Ohio St. 207. (2) Waiver of insufficiency of service of process is effected by defendant's appearance at depositions and taking part without objection in the taking thereof. Silvey v. Silvey, 192 Mo. App. 184; Hill v. Barton, 194 Mo. App. 325; Morick v. Morick, 196 S. W. 1029; Davis v. Fleming, 253 S. W. 801; Bankers Life Ins. Co. v. Robbins, 59 Neb. 170; Fitzgerald Co. v. Fitzgerald, 137 U. S. 98; 3 Cyc. 511, 528. (3) Where a party waives service of a notice to take depositions in a case, that constitutes an entry of general appearance. State ex rel. Shoemaker v. Hall, 257 S. W. 1052. This case cites: Berry v. Union Trust Co., 75 Mo. 432; Bates v. Scott, 26 Mo. App. 430; Pattison v. Ry. Co., 93 Mo. App. 646.

GRAVES, C. J.—Original proceeding in prohibition. Preliminary rule was duly issued, and the pleadings thereafter made up. This proceeding grows out of the

suit of Wm. J. Gundelach v. Compagnie Generale Trans-
atlantique, a corporation under the laws of the Republic
of France. Plaintiff Gundelach is a resident of the city
of St. Louis, Missouri, and the defendant in such suit
was engaged in running ships upon the high seas from
ports in the Republic of France to and from ports in
the United States. In November, 1921, plaintiff in the
action out of which this action grows, was a passenger
upon a steamship called ''City of Chicago'' then being
operated by defendant. As indicated, plaintiff brought
suit in the Circuit Court of the City of St. Louis, against
the defendant. The action is one for personal injuries,
alleged to have been received while a passenger upon said
steamship, through the negligence of defendant. The
particulars of that case are not necessary here. It suffices
to say that the action was for $10,000 damages alleged
to have been occasioned by the negligence of defendant.
The suit was filed about November 16, 1922, and summons
was issued upon that day by the clerk of the circuit court.
Later the Sheriff of the City of St. Louis made the fol-
lowing return:

''SHERIFF'S RETURN.

''After due and diligent search the within named
defendant, Compagnie Generale Transatlantique, cannot
be found in the city of St. Louis, Mo.

''CHAS. G. MOHRSTADT, Sheriff,

''R. H. BLOESER, Deputy.''

No other summons was issued, nor was further at-
tempt made to get service upon the defendant in the
circuit court suit. Later, on the 18th day of August,
1923, there was a default judgment entered against de-
fendant in Division No. 1, this being the assignment di-
vision of said court, which was made up of some sixteen
divisions. Motion was made and filed to set aside this
default judgment, but the appearance was special and
not general, as specified in the motion. September 15,
1923, counsel for Gundelach filed motion to strike defend-
ant's motion to set aside default judgment from the
files. This motion reads:

"Comes now the plaintiff and moves the court to strike from the files the motion of defendant filed September 12, 1923, for the following reasons:

"1. The default granted herein was not predicated upon the return of the Sheriff of the City of St. Louis.

"2. The default granted herein was not predicated upon an acknowledgment of service of summons nor a waiver of service of summons by defendant.

"3. That at the time of the default granted herein this court had jurisdiction of the 'person' of the defendant.

"4. At the time of the default granted herein the defendant was and still is in default because this court had acquired jurisdiction and still retains jurisdiction over the 'person' of the defendant, and said defendant has filed no pleading.

"5. Because the defendant entered a general appearance through its counsel and by having its counsel appear at the taking of depositions, consenting to various continuances, producing witnesses and examining them upon the merits of the case at the taking of said depositions, the depositions being now on file in this cause, having been filed April 30, 1923, and offered in evidence at the time the said default was granted, and the said defendant, at said time, being and still being in default of pleading.

"Wherefore, plaintiff prays the court to strike the said motion of the defendant filed on September 12, 1923, from the files."

We quote this motion because it outlines the position of the respondents in the instant case. The return pleads that depositions were taken in the case on April 30, 1923, and sets out portions thereof, and then avers that the appearance of defendant at the taking of such depositions was an appearance in the action, and that after such appearance the defendant failed to answer the petition of plaintiff, and that by reason thereof the entry of a default judgment was proper. The reply to the return in the case now before us set out the depositions in full, and then avers that there was no entry of ap-

pearance by reason, of the appearance of counsel at the taking of the depositions. A much discussed question is one that we do not find in the record of the Gundelach case in the circuit court, nor in the proceedings in this action. It is urged in the briefs that the jurisdiction of the subject-matter is in the Federal courts rather than in state courts. This sufficiently outlines the case, but leaving for the opinion the more specific facts in connection with the points urged.

I.   The first point made by relator is that prohibition is the proper remedy.   If the trial court was without jurisdiction there is no question as to the fact that prohibition is the remedy.   Respondents do not question the remedy.   In this case, however, the jurisdiction of the circuit court was dependent upon facts. There was no service of process, and the question of jurisdiction over the person of defendant was dependent upon the fact as to whether or not defendant, through counsel, had voluntarily appeared in, the taking of depositions in the case, and thereby submitted itself to the jurisdiction of the court.   There is nothing to the point that the appearance of counsel for defendant at the taking of depositions in New York was not voluntary.   Even though notice and dedimus from the Missouri court had been duly issued for the taking of these depositions, and the witnesses were forced to attend the taking of the depositions, and to give testimony, yet the defendant did not have to appear, and if it did appear, such appearance must be deemed to have been voluntary.   This because there was no power to compel such appearance.   The mere fact that its officers were witnesses, did not make the appearance of the corporation involuntary.   So whatever appearance, if any, upon the part of defendant corporation, must be deemed voluntary.

*Appearance.*

II.   Ordinarily where the jurisdiction of a court is dependent upon facts, then the finding of the court of its jurisdiction cannot be questioned in a collateral proceed-

Collateral Proceeding. ing, and prohibition, such as we have here is a collateral proceeding. [State ex rel. v. Mills, 231 Mo. l. c. 499; Howey v. Howey, 240 S. W. 457; State ex rel. v. Shackelford, 263 Mo. l. c. 61-62, and cases cited infra, in this paragraph.]

But it is a further rule that where the facts as to jurisdiction are undisputed, or agreed upon, then the question of jurisdiction becomes a matter of law, and can be urged in a collateral proceeding. Here the facts upon which jurisdiction was assumed, are not only of the files in the court, but are undisputed, and in effect agreed to, because both counsel rely upon and quote from them— the relator by reply setting them out in full. It then becomes a legal question as to whether or not there was jurisdiction. [State ex rel. v. Homer, 249 Mo. 1 c. 65; State ex rel. v. Holtcamp, 266 Mo. l. c. 373; State ex rel. v. Caulfield, 245 Mo. l. c. 679; State ex rel. v. Shields, 237 Mo. l. c. 335; State ex rel. v. Mills, 231 Mo. l. c. 499.]

We are speaking now of jurisdiction over the person, and not of jurisdiction of subject-matter. Of the latter and other questions in the following paragraphs. As said, the facts are practically admitted, at least are undisputed. In such case, the question is one of law, upon the facts.

III. The alleged jurisdiction of the person of the defendant, being one dependent upon admitted, or at least uncontroverted, facts, we shall assume to determine whether or not the Circuit Court of St. Louis had jurisdiction of the person, when the default judgment was taken. In the files of the case were the depositions of two witnesses taken in New York City. The record shows that the defendant was represented by counsel. Defendant had an office in New York with a general passenger traffic manager for its business. The notary before whom the depositions were taken certifies as follows:

"Depositions of witnesses, produced, sworn and examined on the 31st day of January, 1923, between the hours of eight o'clock in the forenoon and six o'clock in

the afternoon of that day, taken at the office of Joseph P. Nolan, Esq., 25 Broad Street, Manhattan Borough, New York City, in a certain cause now pending in the Circuit Court of the City of St. Louis, Missouri, wherein William J. Gundelach is plaintiff and Compagnie Generale Transatlantique is defendant.

"Said depositions of witnesses are taken on behalf of the plaintiff and pursuant to the notice of Messrs. Leahy, Saunders & Walther that depositions of witnesses to be read in evidence in the above entitled cause on the part of the plaintiff, will be taken at the office of John Quinn, Esq., 31 Nassau Street, New York City, on the 31st day of January, 1923.

"Pursuant to agreement between said John Quinn, of counsel for the plaintiff, and Joseph P. Nolan, attorney for the Compagnie General Transatlantique, the taking of said depositions, pursuant to said notice, at the office of John Quinn, Esq., 31 Nassau Street, New York City, was adjourned to the office of said Joseph P. Nolan, 25 Broad Street, New York City, and Mr. Joseph P. Nolan, as attorney for the Compagnie Generale Transatlantique, consents to the taking of said depositions at his office, the same being taken for his convenience and for the convenience of the witness.

"All formalites in the giving of notices and the taking of depositions are hereby waived."

We have omitted the title and number of the case as of record in the Circuit Court in the City of St. Louis, to save space merely. After the foregoing we have the following:

"Appearance:

"For the Plaintiff:

"Messrs. Leahy, Saunders & Walther, by Mr. John Quinn.

"For the Defendant:

"Mr. Joseph P. Nolan.

"It is stipulated and agreed between counsel for the plaintiff and counsel for the defendant that A. T. Henderson be sworn before Miss Ida Odes, notary public

for the County of New York; that said Ida Odes take in
shorthand the questions and answers put to and made
by said witness and that she transcribe the same and re-
duce the same to typewritten form and that said testi-
mony, when so typewritten by said Ida Odes, be signed
by the witness and sworn to before said Ida Odes, as
such notary public, all with the same force and effect as
though the said witness were sworn before a justice of the
New York Supreme Court and as though his testimony,
when thus reduced to typewritten form, had been like-
wise signed and sworn to before a justice of the Supreme
Court.

"A. T. Henderson, of lawful age, being produced,
sworn and examined on behalf of the plaintiff deposes and
says:

"(It is hereby stipulated that all objections as to
materiality and relevancy may be reserved until the time
of the trial; objections to questions as to form being taken
now or waived)."

In the testimony Mr. Henderson says: "I am pas-
senger traffic manager." So it appears here, as it did to
the circuit court, that Mr. Nolan was an attorney, and that
he appeared for defendant, when these depositions were
taken. The depositions show that he cross-examined the
witnesses. The question is whether or not the taking
of these depositions subjected the defendant to the juris-
diction of the court where the case was pending. It is
not denied that Nolan was a lawyer, and appearing for
defendant in the taking of these depositions. The con-
tentions of learned counsel for relator, as we gather
them, are (1) that Mr. Nolan is not a Missouri lawyer,
and therefore his appearance for defendant would not
subject the defendant to the jurisdiction of the Missouri
court, and (2) that the depositions do not touch the
merits of the case, and therefore, no jurisdiction upon
the Missouri court was conferred by his appearance for
the defendant. We deem neither contention to be well
taken. Prohibition is a collateral attack upon the action of
the trial court. It is not an appeal and cannot be con-

sidered other than a collateral attack upon the ruling of the trial court as to its jurisdiction. In such cases the usual presumptions follow the action of the lawyer. Where a regular attorney-at-law has appeared in a case, and such appearance amounts to a submission to the jurisdiction of the court, although process has not been served, it will be presumed that such appearance was with authority from the client. [State ex rel. v. Muench, 230 Mo. l. c. 254 et seq.; Bradley v. Welch, 100 Mo. l. c. 268.] The cases and the books draw no distinction as between local and foreign counsel. The central thought is, was the party appearing, a lawyer, and if so, in collateral proceedings his authority to appear is presumed. Such is our case law, and the law, as announced by the text-writers quoted from in the cases, supra.

Nor can we agree with learned counsel for relator that the sole purpose of the depositions is to locate an agent in St. Louis for the purpose of procuring service. There are things in these depositions which go to the merits of the case, or might be useful in the trial of the case. Plaintiff claimed to be a passenger upon defendant's steamship, and as confirming that fact it would be proper to show that he bought and had a paid ticket. The authority of the man in St. Louis who got the ticket might be of avail. Then further, if there was a report made to the office in New York, by the agents of the defendant (as there was), the finding out of that fact went toward the merits of the case. By the deposition it is shown that the company did have a report of the accident, and that it had sent such report to its counsel in St. Louis. This goes to the trial of the merits of the case, so that if the appearance in the taking of the depositions was a submission to the jurisdiction of the Missouri court, then the failure to plead after such submission to the jurisdiction authorized the default judgment. Of this question next.

IV. The vital question in this case is whether or not the appearance of defendant in the taking of these

depositions was a general appearance in the case, or a submission to the jurisdiction of the court. We have just ruled that the presumption attends the action of Mr.

General Appearance. Nolan, in that his actions and appearance there would be deemed to be at the direction and with the consent of his client, the defendant in the case below, out of which this action grows.

Respondents cite us to the case of State ex rel. Shoemaker (Laumeier) v. Hall, 257 S. W. 1047. That case lends but little light upon the question, although the opinion rules as respondents contend. It must be noted that there were several theories of jurisdiction in that case, of which the appearance at the taking of depositions was one. The three concurring judges (necessary to make a judgment) only concurred in the result, so that no law was made by the opinion, unless it be in the *per curiam* opinion, in which there was an unrestricted concurrence of five judges. This opinion, however, deals with a matter (going to jurisdiction) other than the appearance at the taking of depositions. *Vide* 257 S. W. 1. c. 1055.

It is stated in the opinion that an appearance at the taking of deposition upon the merits of the pending cause was a general appearance, and a submission to the jurisdiction of the court. Speaking personally, we had no time to review the case law upon that interesting question, and so just concurred in the result, so as to make a judgment, being satisfied that the relator in that case had always been in court, and that the service of notice of the motion upon her counsel was sufficient. However in this case, I have gone into the authorities, and am satisfied that WOODSON, C. J., in the Hall case has properly expressed the law upon the force and effect (as an appearance, and as submission to the jurisdiction of the court) of appearing in the taking of depositions upon the merits of the action.

In 4 Corpus Juris, sec. 27, p. 1333, it is said: "Broadly stated, any action on the part of a defendant, except to object to the jurisdiction over his person, which recognizes the case as in court, will constitute a general

appearance." Following the above are named a number of specific acts, which amount to a general appearance, and among the acts is "by taking depositions to be used in the trial of the cause on the merits," and citing Bankers Life Assn. v. Shelton, 84 Mo. App. 634.

In 3 Cyc. 1 c. 504, the general rule is very tersely stated thus: "Any action on the part of defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance." This author also cites the Shelton case, supra.

In the Shelton case there were three acts which the court held would suffice as a waiver of process, and a submission of the person to the jurisdiction of the court. One of these was that defendant had taken depositions upon the merits of the case.

In the instant case the defendant consented to and did appear in the taking of depositions at a place different from that named in the notice. It made no kind of an objection striking at the jurisdiction of the Missouri court, but on the contrary entered into a stipulation which of itself submitted matters for the determination of the Missouri court, viz: "It is hereby stipulated that all objections as to materiality and relevancy may be reserved until the *time of trial;* objections to questions as to form being taken now or waived." The entering into this stipulation is an additional matter tending to show that defendant was submitting to the Missouri court, and was not questioning jurisdiction over the person of defendant.

In case of Bates & Wright v. Scott Bros., 26 Mo. App. 1. c. 429, HALL, J., for the Kansas City Court of Appeals, has tersely stated the rule, and cited cases from this court upholding such rule, thus:

"The question is, did the appellees, by accepting service, by their attorneys, of the notice given by the appellants to take depositions in the case, after the appeal, and by appearing at the taking of the deposition, in pursuance of said notice, and by objections, and having the same noted by the officer taking the deposition, waive

the notice of appeal, required by statute to be given by the appellant?

"In Page v. Railroad, 61 Mo. 79, the appellee was held to have waived the notice of appeal by having witnesses subpœnaed to attend the trial in the circuit court. The subpœnaing of witnesses was held to be 'one of the first steps in the preparation for an actual trial in court,' and that 'a party, if he chooses, may voluntarily appear in court, and he will then be subject to the same jurisdiction as if he had been brought in by notice, or regular process. An act that, from its nature, implies that he is in court, for general purposes, as to plead to the merits, or contest the trial, will be sufficient.'

"Had the appellees taken the depositions of witnesses and filed them with with the circuit clerk, they would thereby have waived the notice of appeal. [Wolff v. Danforth Co., 70 Mo. 182.] And it would seem that, had the appellees, by their attorneys, appeared at the taking of the deposition, and cross-examined the witness, that, thereby, in connection with the other facts stated, they would have waived the notice of appeal. [Berry v. Trust Co., 75 Mo. 433.] We think, and so hold, that, from the facts stated, as to the taking and filing of the deposition, the appellees must be deemed to have waived the notice of appeal, and to have appeared in the circuit court for general purposes. By objecting to certain questions and having the objections, with the grounds thereof, noted, they plainly were preparing to have the circuit court pass upon the validity of the objections, and, in that way, they were preparing for trial in said court."

In the instant case the counsel for defendant not only appeared and cross-examined the witnesses, but he went further and stipulated that objections as to relevancy and materiality of any of the evidence should be determined upon objections to be made in the Missouri court. By his cross-examination and entering objections to questions, he was, in the language of Judge HALL, "preparing for trial in said court."

In the instant case Mr. Nolan, not only made objections to the form of questions to be passed upon by the Missouri court, but he cross-examined fully, all in addition to the stipulation, supra, which stipulation was entered upon the examination of both witnesses. But going back to the opinion of Judge HALL. That was an appeal from a justice to the circuit court, and no notice of appeal had been given. It required a timely notice of appeal to confer jurisdiction upon the circuit court. Without notice there was no jurisdiction, and in that, all such cases are parallel cases to the one before us. They go to the submission of the person and the cause to the circuit court, without the service of the notice, which is a prerequisite of jurisdiction. To like effect see Pattison v. Ry. Co., 93 Mo. App. l. c. 646; Page v. Railway, 61 Mo. l. c. 78; Wolff v. Danforth Co., 70 Mo. 182; Berry v. Trust Co., 75 Mo. 433.

The foregoing cases (all of which touch jurisdiction of the person) suffice to show that the conduct of counsel for defendant in the taking of the New York depositions was a general appearance in the case, and was a submission to the jurisdiction of the Missouri court by the defendant.

V. In supplemental brief, after the argument of the cause, but in pursuance to a suggestion made in argument, it is urged that the Missouri court has no
Subject-Matter.        jurisdiction of the subject-matter of this
                        action, i. e. that the jurisdiction of the subject-matter is in some Federal court having admiralty jurisdiction. The motion filed by relator here (defendant in the lower court) to set aside the judgment by default does not raise the question of jurisdiction over the subject-matter. It only goes to the jurisdiction over the person. But as we have always said that jurisdiction as to subject-matter can be raised at any and all points of the proceeding (even in this court upon appeal for the first time) we might well pass upon the question now as later.

State ex rel. v. Falkenhainer.

This is a common-law action based upon negligence. It is against the owner and not against the ship. The only judgment sought is one for damages against the owner of the ship. In other words, the plaintiff has elected a common-law remedy in a common-law court, rather than to go into an admiralty court, and undertake to hold the vessel for his damages. He had a right so to do. The texts and cases sustain these views. In 1 Ruling Case Law, page 408, it is said:

"The Constitution in granting to the United States judicial power over admiralty and maritime causes did not deprive the State courts of jurisdiction over the same subject-matter when exercised under other forms of procedure. The First Congress, in the Judiciary Act of 1789, declared the jurisdiction of the Federal courts over causes of admiralty and maritime jurisdiction to be exclusive, yet saved to suitors in all cases 'the right of a common-law remedy, where the common law is competent to give it.' The State are held thereby to be prohibited from establishing courts having cognizance of cases of admiralty and maritime jurisdiction, according to the course of proceedings in courts of admiralty; and hence a State court can have no jurisdiction of a suit *in rem* which is cognizable by the district court. But the common-law courts always offer a remedy *in personam,* and the right to pursue this course of redress is saved to every litigant by the provision of the Judiciary Act. Of such suits the admiralty and common-law courts have concurrent jurisdiction. It is, accordingly, a matter of election with an injured party, whether to ask relief in a State Court or in the district court; and the defendant may not object to the proceeding in the State court on the ground that the cause of action is in its nature maritime, so long as the action is *in personam.*"

See also 1 Corpus Juris, page 1253, whereat it is said: "Where no process is served upon, nor any remedy is sought against, the vessel, but only a personal judgment against the owners is prayed, the case is not within the exclusive jurisdiction of the Federal courts,

but, whether the action be one of contract or of tort, the State Courts will be held to have jurisdiction thereof.''

The foregoing follows a discussion of the Judiciary Act of 1789, and the saving clause therein. In Steamboat Co. v. Chase, 83 U. S. (16 Wall.) l. c. 533, it is said:

''Where the suit is *in rem* against the thing, the original jurisdiction is exclusive in the District Courts, as provided in the ninth section of the Judiciary Act; but when the suit is *in personam* against the owner, the party seeking redress may proceed by libel in the District Court, or he may, at his election, proceed in an action at law, either in the Circuit Court if he and the defendant are citizens of different States, or in a State court as in other cases of actions cognizable in the State and Federal courts exercising jurisdiction in common-law cases, as provided in the eleventh section of the Judiciary Act. He may have an action at law, in the case supposed, either in the Circuit Court or in a State court, because the common law in such a case is competent to give him a remedy, and wherever the common law in such a case is competent to give a party a remedy, the right to such a remedy is reserved and secured to suitors by the saving clause contained in the ninth section of the Judiciary Act.''

And at page 534 of same case it is further said:

''Examined carefully it is evident that Congress intended by that provision to allow the party to seek redress in the admiralty if he saw fit to do so, but not to make it compulsory in any case where the common law is competent to give him a remedy. Properly construed a party under that provision may proceed *in rem* in the admiralty, if a maritime lien arises, or he may bring a suit *in personam* in the same jurisdiction, or he may elect not to go into admiralty at all, and may resort to his common-law remedy in the State courts, or in the Circuit Courts of the United States if he can make proper parties to give the Circuit Court jurisdiction of his case.''

Rose's Notes on United States Reports, vol. 7, p. 1140, covering the case of Steamboat Co. v. Chase, outlines the rule in this language: "Party suing *in personam* against owner of vessel for maritime lien or tort may proceed by libel in District Court, or may, at his election, proceed in an action at law, either in Circuit Court, if parties are citizens of different States, or in State court, as in other cases of concurrent jurisdiction."

This court has recognized the same rule, and the same construction of the Judiciary Act. [Conrad v. De-Montcourt, 138 Mo. l. c. 322, and cases therein cited.]

The cases relied upon by relator can be readily distinguished. The Circuit Court of the City of St. Louis had jurisdiction of the subject-matter. From it all appears the fact that our preliminary rule in prohibition should be quashed, or discharged, and not made absolute as prayed by relator. It is so ordered. All concur.