# OCTOBER, 1938.

EDWIN S. COOMBS, RECEIVER OF THE CITIZENS NATIONAL BANK OF SEDALIA, MISSOURI, RESPONDENT, v. FRED A. BENZ, TRUSTEE, AND SUSIE M. BENZ, APPELLANTS.—114 S. W. (2d) 713.

Kansas City Court of Appeals. January 10, 1938.

1012

*D. E. Kennedy, Frank W. Hayes* and *E. W. Jones* for respondent.

*H. K. Bente, Palmer & Palmer* and *Fred A. Benz* for appellants.

CAMPBELL, C.—This is a proceeding by *scire facias* to revive a judgment rendered by the circuit court of Pettis county on May 4, 1932, in the sum of $3,422.65 in favor of Edwin S. Coombs, receiver of the Citizens National Bank of Sedalia, Missouri, and against the defendants Susie M. Benz and Fred A. Benz, trustee.

The petition, upon which the judgment was rendered, alleged that the Citizens National Bank of Sedalia, Missouri, a national banking

corporation, failed and suspended payment on November 2, 1931; that its assets were insufficient to pay its debts and that the comptoller of the currency of the United States had adjudged the bank to be insolvent and placed it in liquidation and appointed Edwin S. Coombs as receiver; that in order to pay the debts of the bank it became necessary to enforce the liability of its shareholders; that on February 16, 1932, the comptroller made an assessment on the shareholders of the bank by written order under the official seal of the department, payable March 23, 1932, requiring plaintiff as such receiver to enforce such liability against each shareholder of the bank to the amount of the par value of the stock held by such shareholder at the time of the failure of the bank; that Maggie Shively, deceased, bequeathed to William H. Powell as trustee for Susie M. Benz, during her lifetime and thereafter to her only child, George S. Benz, thirty-four shares of the capital stock of said bank of the par value of $100 each; that Powell died on November 4, 1931, and that defendant, Fred A. Benz, was, on November 21, 1931, by the circuit court of Pettis county, Missouri, appointed trustee of said fund to take possession of, manage and control the same and to carry out the provisions of the trust created in the will of said Maggie Shively, and that said Benz was then acting as such trustee; that at the date of the failure of said bank the defendant, Fred A. Benz, trustee, Susie M. Benz and George S. Benz were the owners of 34 shares of the capital stock of said bank of the par value of $100 each, and that by reason thereof said defendants were liable to pay the sum of $3400 to the receiver of the bank; that defendants have been duly notified of said assessment and requested to pay the same and that they failed and refused to do so.

George S. Benz, though named as a defendant in the petition, was not served with process and the cause was dismissed as to him.

The defendants Fred A. Benz and Susie M. Benz filed joint answer, denying each and every allegation of the petition.

The cause was tried to the court, jury waived, and the judgment was for the plaintiff as hereinbefore stated.

Writ of *scire facias* to revive the lien of the judgment was issued April 11, 1935. The defendants joined in answer and each made a return to the writ. The defendant Fred A. Benz, trustee, interpleaded for property, both real and personal, which had been seized under execution issued on the judgment and included in the interplea a motion to quash the execution and the levy thereunder. He also filed motion to set aside the judgment of May 4.

The questions presented by the defendants in their pleadings and motions were heard and determined with the motion to revive the judgment. Trial to the court resulted in a revival of the judgment, overruling of the motion to set aside the judgment and the motion to

quash the execution and levy, and a finding for the plaintiff on the interplea. The defendants have appealed.

Subsequently, Frank W. Bieser and Ralph Hartzell became the owners of the judgment and have, on their application and the order of this court, been substituted as plaintiffs-respondents.

The single question presented in the trial court and on this appeal is, was the judgment of May 4 void as to either or both of the defendants?

The circuit court of Pettis county had jurisdiction and power to entertain an action to determine the liability of shareholders in a national bank in liquidation. [Taylor v. Fontaine, 10 S. W. (2d) 68.] And that court had jurisdiction of the person of the defendants in the original action. Hence, the judgment of May 4 is not subject to collateral attack even though it is irregular or voidable on appeal or error. [Rivard v. Missouri Pacific Ry. Co., 257 Mo. 135, 165 S. W. 763.] Nor can it be assailed in this proceeding on the group that the petition on which it was based failed to state a cause of action. [Potter v. Whitten (The Conqueror Trust Company, Garnishee), 161 Mo. App. 118, 142 S. W. 453, and cases cited therein.]

The defendants say the original action was one at law and that courts proceeding in equity have exclusive jurisdiction to impress a lien upon property held in trust.

The action was at law, but the receiver's petition did not seek to impress a lien upon property held in trust nor did the judgment render thereon adjudge a lien upon any property held by the trustee.

The plaintiff insists that an action brought by a receiver of a defunct national bank against a shareholder of such bank to recover a 100% assessment must be at law. The cases cited in support of this insistence hold that an action to recover a 100% assessment against a holder of shares of the capital stock in a national bank must be at law. [Parker v. Robinson, 71 Fed. 256.]

In the Parker case, supra, it was shown that David Parker at the time of his death was a shareholder in a national bank and that the bank was then solvent. After his death the stock was inventoried as part of his estate. Thereafter the bank became insolvent and a receiver was appointed for it. The comptroller ordered an assessment of the stock in the hands of the executor for the full part thereof. The court held that the executor became a stockholder and liable as such under the federal act, and that his individual property was exempt from liability and could not be seized under execution. The court said: "This assessment was for the full par of the stock, so in no event can the jurisdiction at law be properly questioned."

Sections 64 and 66, Title 12, U. S. Code Annotated, upon which both parties rely, are as follows:

"Sec. 64: The stockholders of every national banking association shall be held individually responsible for all contracts, debts, and

engagements of such association, each to the amount of his stock therein, at the par value thereof in addition to the amount invested in such stock. . . .''

''Sec. 66: Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name.''

These sections are so clear in their terms that they are not open to two constructions.

Under section 64 a stockholder of a national bank is responsible for the debts of the bank to the amount of the stock owned by him at the par value thereof in addition to the amount invested in such stock. Section 66 does not create a cause of action; it merely provides that a trustee shall not be personally liable upon a cause of action founded on section 64.

The judgment against Fred A. Benz was a personal one, notwithstanding the word ''trustee'' was used therein. [Thompson et al. v. Mann, 44 S. E. 246; Smith v. Walker, 34 Iowa, 169; Howard v. Leete et al., 257 Fed. 918; Robinson et al. v. The Springfield Co., 21 Florida, 203.]

Under that judgment the individual property of Fred A. Benz, subject to execution, could have been seized and sold in satisfaction thereof. Therefore, the judgment as to him ''was in the face of an express statute (Sec. 66, *supra*) and void on the face of the record.'' [State ex rel. Potter et al. v. Riley, 118 S. W. 647, 654; State ex rel. v. Sevier, 73 S. W. (2d) 361, 373.]

While it is well established in this jurisdiction that a judgment is not open to collateral attack merely because the petition upon which it is based failed to state a cause of action, it is also settled law that a judgment founded upon a petition which shows affirmatively that the plaintiff was not entitled to any judgment is void and may be assailed collaterally. [Gray et al. v. Clements et al., 296 Mo. 497, 511, 246 S. W. 940.]

The receiver's petition disclosed the following facts: That the legal title of the 34 shares of stock was in Powell at the time the bank suspended; that Susie M. Benz was, during her life, entitled to receive dividends if any were declared on the stock, and nothing more; that the order of the comptroller required the receiver to enforce the assessment of 100% against each shareholder ''to the amount of the par value of the stock held by said shareholders *at the time of the failure of*'' the bank, which was on November 2, 1931; that the trustee Powell died two days after the bank suspended and that Fred A. Benz became successor trustee 17 days later. (Italics ours.)

These pleaded facts showed that the receiver was not entitled to recover a judgment against either defendant. Fred A. Benz had no right or interest in the stock until after the bank closed. The actual owner of the shares at the time the bank suspended was the only one who could be held for the double liability imposed by the national Bank Act and the order of the comptroller. [Hulitt v. Ohio Valley Nat. Bank, 137 Fed. 461; Fowler v. Gowing, 152 Fed. 801, 812; Rankin v. Miller et al., 207 Fed. 602; Miller v. Hammers, 269 Fed. 891.] The estate of a deceased shareholder may be held liable for the double assessment. [Miller case, *supra*.] But an heir or legatee of a deceased shareholder cannot be held personally for such liability. [Rankin case, *supra*, page 616.]

Susie M. Benz was not the real or actual owner of the stock because she did not have dominion or control of it. [Ciaccio v. Hartman, 129 So. 540.]

When the pleaded facts are considered, it is apparent the court lacked power to render a judgment which, by its terms, subjected the individual property of Fred A. Benz to the payment of the double liability imposed upon those who were shareholders at the time the bank suspended for the reason that he had no right or interest in the shares until 19 days after the suspension; nor did the court have power to render a personal judgment against the trustee when such judgment is forbidden by the provisions of section 66 *supra;* nor did the court have jurisdiction to render a personal judgment against Susie A. Benz for the double liability upon a petition which shows affirmatively that she was not the real or actual owner of the shares, and that her only right therein was that of a legatee and, as such, entitled to receive the dividends declared thereon during her life.

The allegations of the petition in the original cause undoubtedly show the receiver was not entitled to have a judgment against either defendant. The judgment of May 4, 1932, was therefore utterly void.

The judgment reviving the judgment of May 4, 1932, is reversed; the motion to quash the execution and levy thereunder is sustained and the execution and levy are quashed; the motion to set aside the original judgment is sustained and that judgment is set aside, and the sheriff is ordered and directed to deliver to Fred A. Benz all of the personal property seized under the aforesaid execution.

*Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment reviving the judgment of May 4, 1932, is reversed; the motion to quash the execution and levy thereunder is sustained and that judgment is set aside, and the sheriff is ordered and directed to deliver to Fred A.

Benz all of the personal property seized under the aforesaid execution. All concur.

### ON MOTION FOR REHEARING.

Plaintiff in motion for rehearing says the opinion fails to take into consideration the provisions of Section 1099, Revised Statutes 1929; fails to consider that any misjoinder of defendants in the original cause was weived; and fails to follow Section 66 of the National Bank Act.

Section 1099, *supra*, relates to imperfection in a judgment and provides that informality in entering and making up the record of a judgment shall not affect the validity of such judgment.

The judgment of May 4 was not informal or irregular in form; it was the very judgment sought in the petition; its invalidity appeared upon an examination of the facts stated in the petition; facts which, under the provisions of Section 66, *supra*, forbid the rendition of a personal judgment against Fred A. Benz. The facts alleged further show that Fred A. Benz had neither right nor interest in the stock at the time the bank suspended; that Susie M. Benz was not the real or actual owner of the stock at any time, and for that reason the court lacked power to render a personal judgment against her. It must be remembered that a void judgment neither gives nor takes away a right. It is entitled to neither respect nor consideration.

Counsel ask: "Suppose W. H. Powell, Trustee, had died two (2) days before the date of the closing of the Bank and a successor Trustee had not yet been appointed. Would this Court hold that the Receiver for the unfortunate depositors could not recover from the assets?" Were we to answer that question either yes or no the answer would be *dictum* for the reason that no such issue was presented or determined in the original action. The failure to present that issue is the cause of the fatal defect in the judgment. However, it is proper to say that we have not determined that the "trust assets" could not be held for the assessment made by the comptroller; that we held in effect that the original action was not *in rem, quasi in rem,* in equity or a proceeding to enforce a statutory lien on the property of the trust estate, but an action to recover an ordinary money judgment. We know of no legal principle which permits a court to render a judgment which would be a special lien or charge upon specific property not described in the pleadings or judgment.

Counsel further say: "The opinion is wrong in asserting that the plaintiff under the judgment rendered could levy on the individual property of Fred A. Benz. In the first place the judgment is not against Fred A. Benz personally but against him as trustee of the estate of Maggie Shively under her will. . . ."

No authority is cited in support of the insistence that the judgment was not a personal one against Fred A. Benz.

The decree in the case of Howard v. Leete et al., 257 F. 918, 169 C. C. A. 68, was against "D. R. Howard, trustee." The court held *prima facie* the word trustee was merely descriptive and that the decree was a personal one against D. R. Howard. So, in the present case the word trustee in the petition and judgment was merely descriptive of the defendant Fred A. Benz. The execution issued on the judgment was a general execution against Fred A. Benz, trustee, and Susie M. Benz and not against any specific property. Were we to say the judgment was not a personal one against Fred A. Benz we would disregard the federal rule announced in the Howard case, *supra.*

The motion for rehearing is overruled. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The motion for rehearing is overruled. All concur.