Mrs. Ethel Mae **HARTER**, Respondent,

v.

James L. **LINDSAY** and Mrs. James **L.** Lindsay, Appellants.

No. 22635.

Kansas City Court of Appeals.

Missouri.

Nov. 4, 1957.

Rufus Burrus, Independence, for appellants.

Barnett & Skeer, Paul Barnett and David Skeer, Kansas City, for respondent.

HUNTER, Judge.

This is an appeal from an order of the Circuit Court of Jackson County reviving a judgment of a magistrate court rendered in an unlawful detainer proceeding.

On January 9, 1952, plaintiff-respondent, Mrs. Ethel Mae Harter, filed in the magistrate court a "complaint in unlawful detainer" seeking possession of the premises located at 301 North Pleasant Street, Independence, Missouri, and damages in the sum of $500, alleging that the value of the monthly rents and profits of the premises is $100 per month. James L. Lindsay and Mrs. James L. Lindsay were the named defendants (appellants herein). As a result of a trial in which the court heard the testimony and evidence, judgment was rendered for plaintiff in part as follows: "* * * that plaintiff have restitution of the premises being unlawfully detained with damages in the sum of $400 and that rent be assessed at $200 per month or double the monthly rate of $100 which the court finds to be the reasonable rental of the property from the date of this judgment until restitution is

made together with the costs and let execution be dated this seventh day of February, 1952."

Defendants appealed from this judgment to the circuit court which on motion dismissed the appeal for failure of defendants to file a bond within ten days after the judgment was rendered in the magistrate court. On defendants' appeal to this court from the circuit court's order of dismissal of the appeal, the action of the circuit court was affirmed. Harter v. Lindsay, Mo.App., 279 S.W.2d 740. To prevent the lapsing of this judgment plaintiff filed his "affidavit and application to revive judgment" in the same magistrate's court as the original judgment. It was accompanied by the required affidavit. Thereafter, the customary citation was issued and served on defendants. Section 517.830 RSMo 1949, V.A.M.S. Defendants appeared and resisted that action on the ground that the magistrate's court was without jurisdiction to enter the judgment originally and thus had no right to revive it, all for suggested reasons we will examine later. On March 27, 1956, the magistrate entered a judgment of revivor in the sum of $400 and costs, it being conceded by plaintiff that defendants had vacated the premises immediately after the original judgment was rendered so as to obviate any damages from continued occupancy. Defendants appealed from this judgment of revivor to the circuit court. On the matter being presented to the circuit court on appeal, it "affirmed the judgment of the magistrate court" and ordered the judgment revived in the amount of $400 with interest and costs. Defendants appealed that action to this court.

On this appeal defendants contend the trial court and the magistrate's court erred in reviving the judgment as it and the magistrate court were without jurisdiction to enter any judgment with respect to possession, rent or damages or any revivor thereof because: (1) The complaint failed to state a compliance with the Emergency Price Control Act; (2) The judgment does not recite the necessary jurisdictional facts of compliance with the Emergency Price Control Act; and (3) The judgment wrongfully doubled the monthly rent and was for double rent although the complaint failed to state that the rentals had been set by the Area Rent Control Administration, and that the amounts claimed as rent or double rent was authorized to be charged by the Area Rent Control Administration. Plaintiff's response is that there was no landlord-tenant relationship existing between the parties; that therefore, the Emergency Price Control Act does not apply and thus there is no need to allege compliance with any of its provisions or regulations issued thereunder.

■■■ The Emergency Price Control Act, adopted under the federal war powers, to the extent it is applicable is paramount to any state law on the same subject. 50 U.S.C.A.Appendix, § 901 et seq.; Yakus v. U. S., 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892; Schwartz v. Trajer Realty Corporation, D.C., 56 F.Supp. 930; Woods v. Fliss, 7 Cir., 168 F.2d 612, certiorari denied 335 U.S. 886, 69 S.Ct. 238, 93 L. Ed. 424. This Act, which among other things, established federal rent control applied as to that subject only to housing accommodations rented or being offered for rent; or differently stated, applied only to housing accommodations and then only where a landlord-tenant relationship existed within the meaning of the Federal Act and the regulations promulgated thereunder. 50 U.S.C.A., Appendix, § 1892(b). McIlvain v. Kavorinos, Mo.App., 202 S.W.2d 103; Fleming v. Chapman, 2 Cir., 161 F.2d 345. If the landlord-tenant relationship existed within the meaning thereof, it was necessary in an unlawful detainer action for the complaint to contain an allegation of compliance with the applicable provisions of the Emergency Price Control Act of 1942, or it would fail to state a cause of action. Glano v. Johnston, Mo.App., 199 S.W.2d 649; Jordan v. Moore, 239 Mo.App. 593, 194 S.W.2d 948. On the other hand, if such landlord-tenant relationship did not exist,

it is elementary that it was not necessary to plead or prove compliance with the Federal Act or any regulation issued thereunder. McIlvain v. Kavorinos, supra. Nor would it have been necessary for the judgment to have included a finding of compliance with such act.

Thus, we are met at the outset with plaintiff's contention there was no landlord-tenant relationship existing in this case, and therefore, no need for plaintiff to have pleaded compliance with the applicable provisions of the so-called Federal Rent Control Act, or for the judgment to have found such compliance. Plaintiff suggests we merely look at the record of this case which was filed with us in connection with the earlier appeal to this court wherein we affirmed the action of the circuit court. According to plaintiff this record will disclose that there was no landlord-tenant relationship existing between the parties. Defendants say, in effect, we have no right to look at the record filed with us in connection with the earlier appeal, but can look only to the complaint in unlawful detainer and the judgment therein which it has caused to be before us in the transcript on this appeal.

■ There is no need in this case for us to decide anything beyond the narrow question of whether or not we can properly examine the judgment entry the magistrate made at the close of the trial of the unlawful detainer action; which judgment entry contains the judgment sought to be revived. This judgment entry was before us in the earlier appeal and is a part of our records. We believe that we can and must take judicial notice of our own records, certainly at least to the extent of the mentioned judgment entry. Bennett v. Metropolis Publishing Co., Mo.App., 148 S.W.2d 109; Keaton

v. Jorndt, 259 Mo. 179, 168 S.W. 734; Gate City National Bank v. Strother, Mo.App., 196 S.W. 447. Thus, we have proceeded to examine it. As a part of that judgment entry the court made certain findings to the effect that plaintiff's position and evidence was that defendants were not tenants; that defendants did not offer any testimony but contended that plaintiff could not maintain the complaint in unlawful detainer because plaintiff had never been in lawful possession of the premises; that it is undisputed that defendants have not paid rent; that the evidence shows they have no lease to the property; and *"that no form of tenancy is involved."* (Italics ours.)

■ The judgment contained in that judgment entry has become final.[1] The court rendering it had jurisdiction over unlawful detainer actions and jurisdiction over the parties to this action. If defendants believed the court erred in its finding that no form of tenancy was involved, or believed that the court erred either as to the method of determining the damage or as to the amount awarded, their remedy was to have presented such claims of error in a properly taken appeal. Having failed to do so, and having permitted the judgment to become final they cannot now successfully raise these questions as an attempted defense in this ancillary action to revive that final judgment. Coombs v. Benz, 232 Mo.App. 1011, 114 S.W.2d 713.

In view of what we have said it becomes unnecessary to consider plaintiff's additional contention that even if the Federal Act did apply at most the judgment would be voidable and not subject to collateral attack.

The judgment of revivor of the lower court is in all respects affirmed.

All concur.

1. While the words contained in the judgment mentioned rent, it is clear that as there used it meant that plaintiff recover the reasonable rental value of the premises for the time the possession of the property was held after entry of the judgment. Its use is neither a finding nor an indication that a landlord-tenant relationship existed. And as defendants vacated the premises immediately there was no holding over after the entry of the judgment and nothing became due under this part of the judgment.