**STATE of Missouri ex rel. Rufus RHINE, Relator Appellant,**

**v.**

**M. E. MONTGOMERY, Magistrate Judge of Scott County, Missouri, Respondent.**

No. 8648.

Springfield Court of Appeals.

Missouri.

Dec. 12, 1967.

Claude Arnold, Dexter, for relator-appellant.

Elvis B. Hinson, Morehouse, for respondent.

TITUS, Judge.

Relator appeals [Rule 97.06 and § 530.-080] [1] from the judgment of the Circuit Court of Scott County, Missouri, quashing

1. All references herein are to Supreme Court Rules of Civil Procedure, V.A.M.R., and to RSMo 1959, V.A.M.S.

its preliminary writ of prohibition and refusing to make it absolute and permanent. Respondent is the judge of the Magistrate Court of Scott County where this cause had its commencement October 30, 1956, when B. E. Patterson sued relator to collect the balance allegedly due on a promissory note. Summons was served relator in Scott County but he did not plead or otherwise appear and default judgment was entered against him on November 20, 1956. Nigh to nine years later and pursuant to § 517.-790 et sequens, Patterson sued out a scire facias in the magistrate court on May 14, 1965, to revive the judgment. Appearing specially, relator moved for dismissal contending the 1956 judgment was void because of the court's lack of jurisdiction over his person. The motion was overruled and the judgment was ostensibly revived. Relator thereafter filed his petition in the circuit court for writ of prohibition to prevent respondent from taking further action on the magistrate judgment or in that case. Respondent's pleading, entitled "Motion to Quash and Answer," was treated by all concerned as representing a motion directed to the petition and as a return to the preliminary order as prescribed by Rule 97.03 and § 530.050. We shall do likewise.

Upon hearing in the circuit court, no objection was made to the evidence (also admitted to be true by respondent) that when suit was filed, service had and judgment entered in 1956, Patterson was a New Madrid County, Missouri, resident, relator was a resident of Stoddard County, Missouri, and summons had been served on relator in Scott County while he was there in pursuit of employment.

■ If the magistrate court had no jurisdiction over the person of the relator, the 1956 judgment was void and, if void then, it remains so forever. Restatement of Judgments, § 14, pp. 77–81; 49 C.J.S. Judgments §§ 451–452, pp. 882–884. The judgment in scire facias was based upon the original judgment and would have no more force and effect than the judgment upon

which it was founded. Thieman Bros. v. Bodine, 239 Mo.App. 875, 202 S.W.2d 912, 915(7). A void judgment is entitled to no consideration [Coombs v. Benz, 232 Mo. App. 1011, 114 S.W.2d 713, 717(8)] and any kind of a proceeding to cancel it is proper [McCoy v. Briegel, Mo.App., 305 S.W.2d 29, 34(2)], including prohibition to prevent further action in a defaulted suit. State ex rel. Compagnie Generale Transatlantique v. Falkenhainer, 309 Mo. 224, 274 S.W. 758, 759(1). However, prohibition to prevent execution on or enforcement of a judgment valid on its face is a collateral attack and extrinsic evidence is generally inadmissible to collaterally dispute it. Nevertheless, if the facts as to jurisdiction (as here) are undisputed, agreed upon or admitted into evidence without objection and reveal the court's lack of jurisdiction over the person of the defendant, it is then established the judgment is void as if so shown by the record itself and under such circumstances it becomes the duty of the court to so declare as a matter of law in a collateral proceeding. Edwards v. Hrebec, Mo.App., 414 S.W.2d 361, 364(4); State ex rel. Uthoff v. Russell, Mo.App., 210 S.W.2d 1017, 1023; State ex rel. Compagnie Generale Transatlantique v. Falkenhainer, supra, 274 S.W. at 760(3); 30A Am.Jur. Judgments, § 859, p. 775; 49 C.J.S. Judgments § 410 at p. 816.

As pertinent to our problem, § 517.010 (Magistrate Court Procedure) specifies that "Every action * * * instituted by summons shall, except as provided by law, be brought: (1) When the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found; * * *" We are not directed to nor have we found a reported case construing this law, but as this section and the general venue statute, § 508.010(1), are identical, the authorities construing the latter will control our determination of the jurisdiction of the Scott County Magistrate Court over the person of relator in this instance.

■ Proper venue is, of course, necessary before service of process will confer jurisdiction over the person of a defendant [State ex rel. Bowden v. Jensen, Mo. (banc), 359 S.W.2d 343, 345(2); State ex rel. Bartlett v. McQueen, (banc), 361 Mo. 1029, 238 S.W.2d 393, 395(1), and cases cited] and "unless a defendant is served with process, or summoned, in some manner authorized by statute law the court is without authority to proceed." State ex rel. Minihan v. Aronson, 350 Mo. 309, 165 S. W.2d 404, 407(3).

■ There is no ambiguity in § 517.010 (1), supra, which permitted Patterson to sue relator only (a) in Stoddard County where relator resided, or (b) in New Madrid County where Patterson resided, provided relator could be found and served in New Madrid County. As neither Patterson nor relator were residents of Scott County where the suit was brought, and as relator did nothing to waive venue or the court's lack of jurisdiction over his person, the judgment entered by the magistrate court was void. State ex rel. Carney v. Higgins, Mo., 352 S.W.2d 35, 38(2), 100 A.L.R.2d 687; Phillips v. Whittom, 354 Mo. 964, 968 syllabus 1, 192 S.W.2d 856, 857; cf., Ellmaker v. Goodyear Tire & Rubber Company, Mo.App., 372 S.W.2d 650 and Krueger v. Walters, 238 Mo.App. 340, 179 S.W.2d 615, 618(4).

■ Respondent filed no brief in this court. Such a practice is often condemned [Hunter v. Schwertfeger, Mo.App., 407 S.W.2d 606, 608(1)] but respondent incurs no penalty except forfeiture of the opportunity to advise what authorities and reasons, if any, might sustain the judgment of the trial court. The circuit court made no findings of fact and was not asked to do

so. Consequently we have no indication from either respondent or the trial court why the judgment appealed from is contrary to our conclusion. Respondent suggested the magistrate court action and judgment was proper under § 517.080. This simply provides that "process shall be a summons" and designates to which sheriff or sheriffs it shall be directed. It contains no venue provisions and does not affect the plain wording of § 517.010(1), supra. Respondent also contended in the circuit court the magistrate judgment was not subject to attack as it became absolute after three years under § 511.190 and Rule 74.14. "This statute [§ 511.190 and Rule 74.14] applies only to the special procedure of petition for review of a valid default judgment, provided in [§ 511.170 and Rule 74.12] based upon the grounds set out in [§ 511.200 and Rule 74.15] * * *. It is not applicable to a judgment void for lack of jurisdiction to enter it, because such a judgment is of no force and effect whatever and may be collaterally attacked." Hankins v. Smarr, 345 Mo. 973, 137 S.W. 2d 499, 501(3).

The judgment of the Circuit Court of Scott County is reversed and remanded and that court is directed to issue its order, judgment and decree that its preliminary writ of prohibition heretofore issued be made permanent and absolute and that it command respondent herein as judge of the Magistrate Court of Scott County, Missouri, absolutely to desist and refrain from exercising, or attempting to exercise, any further jurisdiction with respect to the said cause aforesaid.

HOGAN, P. J., STONE, J., and COTTEY, Special Judge, concur.