**RUMINSKI et v BRENZO et**

Ohio Appeals, 9th Dist, Lorain Co

No 579. Decided Oct 21, 1931

Frank Coleman, Lorain, for plaintiffs in error.
William A. Miller, Amherst, for defendants in error.

## PER CURIAM

Under such circumstances, the Municipal Court being a court of record, and the judgment showing that evidence was taken at the trial, we are required to indulge the presumption that the evidence upon the trial disclosed facts bringing the case within the jurisdiction of the court, unless the complaint or petition failed to state a cause of action within the jurisdiction of the court.

The petition alleged "that the said defendants have, ever since the 15th day of December, 1930, and do still, unlawfully and forcibly detain from the undersigned, possession of the following described premises," and then follows a description of the premises. This language is sufficient to admit proof of facts constituting a cause of action within the jurisdiction of the court; under such allegation the complainants could prove any cause of action they may have had under the statute authorizing the summary proceedings of forcible detainer to recover the possesion of real estate.

"2. In an action of forcible detainer, a complaint alleging 'that the said C. W. B. has, ever since the 1st day of January, 1870, unlawfully and forcibly detained, and still doth detain from the undersigned possession, etc.,' of the premises, is sufficient to give a justice of the peace jurisdiction of the case."
**Brown, Gdn., v. Burdick, 25 Oh St 260.**

If it were not for certain other allegations in the petition, it would be very plain indeed that, there being no bill of exceptions, no question is presented which in any way raises a doubt concerning the case being one over which the court had jurisdiction.

But it is claimed that certain allegations of the petition conclusively establish that the court did not have jurisdiction.

Besides the allegations of the petition that have been pointed out, which clearly make the case come within the jurisdiction of the court, it is alleged in the petition that the defendants entered into the possession of said premises under and by virtue of a land contract, by which the plaintiffs agreed to sell the property to the defendants and in which it was agreed that in case of default in payments the plaintiffs could treat the defendants as tenants at will and enter upon and take possession of said premises, and that there had been such default and that the defendants' possession was unlawful.

Assuming, without stopping to consider or decide, that if the evidence adduced at the trial disclosed no other cause of action except that growing out of said contract, the court would not have had jurisdiction of the action, can we, as a reviewing court, say that the case made at the trial was one that was not within the jurisdiction of the court?

Under the allegations of the petition first hereinbefore referred to, a cause of action within the jurisdiction of the court could have been proved, and there being no bill of exceptions, we cannot say that such a cause of action was not proved simply because facts were also stated in the petition which showed a cause of action which might not be within the jurisdiction of the court.

So far as we can ascertain from the proceedings of the Municipal Court filed in this case, the filing of the motion for a new trial in that court ten days after the judgment had been entered by that court, has no effect whatever in the consideration of this case. Said motion was not filed within any time provided by law, and no error can be predicated upon the Municipal Court's failure to grant the motion. All that can be claimed is that, disregarding said motion, the proceedings of the Municipal Court show that it had no jurisdiction; but as the petition, aside from the allegations in reference to a land contract, stated a cause of action within the jurisdiction of the court, we cannot find, without a bill of exceptions, that the judgment of the court upon evidence was not based upon that cause of action which was stated in the petition. The allegations in the petition in reference to a land contract were not necessary in the cause of action which was stated in the petition, and must be treated as surplusage in view of the record as presented in this court.

Judgment affirmed.

PARDEE, PJ, WASHBURN, J, and FUNK, J, concur in judgment.