HAMRICK, APPELLANT, *v.* DUFFORD ET AL., APPELLEES.

(No. 3580—Decided May 10, 1943.)

*Messrs. Bailey & Bailey,* for appellant.
*Mr. Dudley M. Sifling,* for appellees.
*Mr. George Burke, Mr. Thomas I. Emerson, Mr. Fleming James, Jr.,* and *Mr. Walter L. Smith, amici curiae.*

WASHBURN, J.   The matter before this court is an appeal on questions of law from a judgment rendered by the Municipal Court of Akron in a forcible entry and detainer action.

The appellant will be referred to as the landlord, and the appellees as the tenants.

The real estate, possession of which was sought, is in an area which is covered by the rules and regulations adopted by the Office of Price Administration, as provided in the Emergency Price Control Act passed by Congress and approved on January 30, 1942.

Upon hearing, the trial court found that the landlord, in giving notice to the tenants to leave the premises, failed to comply with the rules and regulations adopted under said act of Congress. Said regulations required that every such notice should "state the ground under this section upon which the landlord relies for removal or eviction of the tenant," which was a requirement not contained in the statutes of Ohio.

In the notice in this case, the landlord complied with the requirements of the statutes of Ohio, but not with said requirement of the rules and regulations adopted under said act of Congress.

The court also found that the landlord failed to comply with the rules and regulations adopted under said act of Congress, in that she did not "give a. copy to the area rent office, both of the proposed eviction and of the commencement of the action" in said court.

Because of such failures of the landlord to comply with the said requirements, the complaint was dismissed by the trial court, and judgment was entered in favor of the tenants for costs; and a motion for a new trial was overruled.

The claim made by the landlord in this action is that said rules and regulations are not binding upon her nor upon the trial court, and that therefore the judgment of the trial court should be reversed.

Said act of Congress, and said rules and regulations, were adopted when a state of war existed, and were declared by the act of Congress "to be in the interest of the national defense and security and necessary to the effective prosecution of the present war."

In Article VI, clause 2, of the Constitution of the United States, it is provided that "This Constitution, and the laws of the United States which shall be made in pursuance thereof * * * shall be the supreme law of the land; and the judges in every state shall be

bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding.'' It is therefore apparent that, acting within the limits of the power conferred by the Constitution, the federal government is supreme.

Of course, a state can create judicial tribunals, with full and adequate power to hear and determine controversies between parties brought before them, to enter final judgments and to issue process to carry them into execution. Yet such power of the state is subject to control and regulation by Congress when acting pursuant to its constitutional power.

''The laws of the United States are laws of the several States, and just as much binding on the citizens and courts thereof as the state laws are. The United States is not a foreign sovereignty as regards the several States, but is a concurrent, and, within its jurisdiction, paramount sovereignty. Every citizen of a state is a subject of two distinct sovereignties, having concurrent jurisdiction in the State,—concurrent as to place and persons, though distinct as to subject-matter. Legal or equitable rights, acquired under either system of laws, may be enforced in any court of either sovereignty competent to hear and determine such kind of rights and not restrained by its Constitution in the exercise of such jurisdiction. Thus, a legal or equitable right acquired under state laws, may be prosecuted in the state courts, and also, if the parties reside in different States, in the Federal Courts. So rights, whether legal or equitable, acquired under the laws of the United States, may be prosecuted in the United States Courts, or in the State Courts, competent to decide rights of the like character and class; subject, however, to this qualification, that where a right arises under a law of the United States, Congress may, if it see fit, give to the Federal courts exclusive jurisdiction.'' *Claflin* v. *Houseman,* 93 U. S., 130, at p. 136, 23 L. Ed., 833.

The premise for the foregoing observations is that the act of Congress in question is not in violation of any provision of the Constitution of the United States.

There are laws which, if adopted in peace time, would be in violation of the Constitution, but which, if adopted and enforced during the existence of war, are not in violation of the Constitution.

In the instant case, the act of Congress is a war measure, and (assuming that, notwithstanding the provisions of subsections c and d of Section 204 of the act, we have jurisdiction to pass upon the constitutionality of the particular provisions of the act involved in this proceeding), we are of the opinion that, so far as said provisions are concerned, they are constitutional as a war measure, and binding upon state courts.

*Judgment affirmed.*

STEVENS, P. J., and DOYLE, J., concur.