### GRANT, Appellant v. HERR et, Appellees.

Ohio Appeals, Second District, Greene County.

No. 482.   Decided November 20, 1943.

364

Roy G. Fitzgerald, Dayton, and James D. Herrman, Dayton, for appellant.
Morris D. Rice, Osborne, for appellees.

## OPINION

By BARNES, P. J.

The above-entitled cause is now being determined as an error proceeding by reason of an appeal on questions of law from the judgment of the Court of Common Pleas of Greene County, Ohio.

The cause of action arose before a justice of the peace of Bath Township, Greene County, Ohio, and was one in forcible entry and detention. Therein, Charles Herr and Marjorie Herr, husband and wife, were plaintiffs and Stuart Grant was defendant. The trial to the court without the assistance of a jury resulted in favor of the plaintiffs. Thereafter, appropriate proceedings were taken through which the case was taken to the Common Pleas Court on appeal, and in that court the judgment of the justice court was affirmed. Within statutory time notice of appeal was filed, thus lodging the case in our Court.

We think appellant was in error in transposing the positions of plaintiffs and defendants. Under the new appellate procedure it is provided that the position of the parties never changes, and we think it well to give application to this principle even on appeals from justices of the peace. Hornbeck and Adams, 1941 Supplement 47.

Counsel for appellant sets out six separately numbered specifications of assignments of errors. We will take up these assignments and discuss them in order.

Under the first assignment complaint is made that the Common Pleas Court was in error in upholding the ruling of the justice of the peace in the original trial in directing defendant to testify as to irrelevant, incompetent and immaterial matters over the objection and exceptions of the defendant below.

The specific evidence to which this objection applies was an inquiry made of the defendant whether or not he had made any effort to locate another residence to which he might move. We are in accord with counsel that this evidence was irrelevant, and immaterial, but we find no prejudicial error, for the reason, among others, that the witness answered.

very fully that he had made effort without avail, and was continuing his efforts and expected to move as soon as he could find a location.

Under the second assignment complaint is made that the justice erred in excluding testimony on cross-examination of the plaintiff, Charles Herr. An examination of the bill of exceptions discloses that the justice of the peace did sustain an objection to a question presented on cross-examination, but later the identical question was asked and over objection permitted to be answered. It, therefore, follows that the record fails to sustain appellant's claimed error under assignment No. 2.

Under assignment No. 3 complaint is made that the justice court erred in the exclusion of testimony offered on cross-examination. We do not find this specification of negligence separately discussed in appellant's brief. We do find a few isolated instances in which the justice sustained objections to certain questions asked on cross-examination, but in practically every instance the subject matter of the inquiry was later testified to by such witness. We find no error under this specification.

Under assignment of error No. 4 complaint is made that the Common Pleas Court was in error in holding that it was without jurisdiction to reverse the finding of the justice of the peace on the question of the weight of the evidence. The following quotation is taken from the decision of Common Pleas Judge Johnson:

"The fourth ground of error is that the verdict was against the manifest weight of the evidence. This court is clearly without jurisdiction to decide upon the question of evidence under the decision of the Supreme Court. While this court cannot see any reason to the ruling of the Supreme Court in not permitting a verdict to be reversed on the ground of the failure of proof, yet that is the decision of the Supreme Court and the Court does not believe that the Common Pleas Court can overrule the decision of the Supreme Court."

The decision of the Supreme Court referred to was that of **Ex rel. Newshauler and Jones v D. L. Wood, Justice of the**

**Peace, 22 Oh St 537.** The action was one in mandamus seeking to compel the defendant Justice to allow and sign a bill of exceptions. It was the decision of the Supreme Court that the pertinent section of the Justice of the Peace Act did not authorize the taking of exceptions to the opinion of the Justice upon questions of law and evidence in actions of forcible entry and detainer, and further did not extend to or include questions touching the weight or sufficiency of the evidence, but only such as relates to its competency. Whether or not this principle applies to the power and jurisdiction of justices of the peace under the present-day law is not discussed and we do not find it necessary to make any independent investigation of the question since in our judgment the evidence is ample to support the action of the Justice of the Peace, even if it be conceded that a reviewing court has jurisdiction to consider the weight of the evidence.

Assignment of error No. 5 complains that the Justice Court was in error in proceeding to try the case without written or oral waiver of the jury by defendant. This ground of error is not well taken. It is true that the case was tried without the assistance of a jury, but defendant-appellant makes no claim that there was any demand for a jury.

Under the law in an action of this character a party to the suit is presumed to have waived a jury if he makes no demand therefor. **Sections 10456** and **10457 GC**, so hold. Counsel for appellant admit the rule of law as it applies to civil actions but argues that an action in forcible entry and detainer is in the nature of a criminal action, since upon trial it becomes the duty of the jury to determine the innocence or guilt of a defendant.

We have no difficulty in determining that the proceeding is not a criminal action. It is purely a civil action, even though the form of verdict has some attributes of a criminal proceeding.

The sixth ground of error is an all-inclusive provision and complains of other errors apparent upon the record. This specification affords opportunity to present a short summary of the factual questions involved so as to render understandable the nature of the controversy.

The defendant is an officer in the armed forces. There is a scarcity of residence properties in and near the contingent to which the defendant was attached.

Plaintiff owns the premises in question in fee simple, and

about a year previous to the commencement of the present action, rented the property to the defendant upon the basis of eighty dollars per month rental. After a period of about seven months, it was ascertained that the rental charge was in excess of a fixed ceiling, and that the highest rental that could be legally charged was seventy dollars per month. Thereupon plaintiff remitted to defendant the excess rental of ten dollars per month. In the early summer of 1943 plaintiff's premises in which he was then living suffered serious and substantial damage by fire and to such an extent that it was necessary to vacate until such time as repairs were made. The furniture and furnishings were likewise seriously damaged by smoke. Plaintiff's family consisted of three persons, the husband and wife and one child. Following the fire they notified defendant to vacate the premises at the end of the current month. Defendants failed to give possession and then followed the action of forcible entry and detention. The notice was also given to the Area Rent Control Office, Ludlow Building, Dayton, Ohio. As far as we are advised the rent control office took no part in the hearing before the Justice of the Peace. Under the facts disclosed in the record there could be no question that the plaintiff is entitled to recovery of the premises in question unless some provision of the Rent Control Act prevents. It seems rather strange that counsel make no reference to the Rent Control Act except in a very general way. No part of the act is quoted from, nor are we referred to any publication wherein the same might be found. Apparently, in the trial before the Justice it was agreed by counsel that the sole issuable question was whether or not the plaintiff was acting in good faith.

Plaintiff's supporting evidence, in addition to what had already been stated under the factual question, was their desire to obtain this residence property which they owned, on account of the fire in the residence property where they lived, in such proportions as render it untenantable. The theory of defendant was that plaintiffs had not used due diligence in removing their damaged furniture from their former residence through which the insurance company would have been enabled to make an early repair and thus restore the fire damaged residence to its original condition.

We have no difficulty in determining that the evidence adequately supports the finding of the Justice that the plaintiffs were acting in good faith, if in fact that issue is really involved.

During the oral presentation of this case counsel for ap-

pellant admitted a possible adverse decision by the Court of Appeals of the Fifth District. This opinion was very recent and had not been published, and except for counsel volunteering the opinion, we would have had no means of knowing that such a decision had been made. In addition counsel very kindly agreed to procure and present to us a transcript copy of the decision. This has been done and we find that the case was one in forcible entry and detention, originating in Canton, Stark County, Ohio; and entitled, Luva Hurst v. Harry Haak. The opinion was by Sherick, J. An examination of this opinion clearly discloses that by analogy at least it would deny the right of the appellants in the instant case to any relief. Judge Sherick in his opinion refers to the provision of the Emergency Price Control Act, and points out that throughout, its avowed purpose is to stabilize prices and prevent speculative, abnormal increase in prices and rents.

The opinion further states that there is not any provision within the entire act which warrants the assumption that Congress ever intended to dispossess landlords of their lawful right to resort to state courts for redress during the course of the tenancy when price was not also an issue involved; and neither did the act confer any power in the defense area to the administrator which would stifle rights which will not concern matters other than price.

We are constrained to the view that the Court of Common Pleas committed no error in affirming the judgment of the Justice Court. The judgment below will be affirmed and costs adjudged against defendant, Stuart Grant. Cause will be remanded for further proceedings according to law.

HORNBECK and GEIGER, JJ., concur.