No. 36,059

EVANELLA MORRISON, MYRA E. MORRISON and A. L. DEBOLT, *Appellants*, v. LOUIS HUTCHINS and NEOMA HUTCHINS, His Wife, *Appellees*.

(144 P. 2d 922)

Opinion filed January 22, 1944.

*Ralph Knittle,* of Salina, argued the cause, and *C. W. Burch,* of Salina, was on the briefs for the appellants.

*F. J. Brettle,* of Salina, argued the cause for the appellees.

*James B. Nash, A. D. Weiskirch, Ellis C. Clark* and *Clement F. Clark,* all of Wichita, as *amici curiae.*

The opinion of the court was delivered by

HOCH, J.: This was an action for possession of real estate brought in the city court of Salina under the forcible entry and detainer statutes (G. S. 1935, 61-1301 *et seq.*). A motion by defendant to dismiss—in effect a demurrer—was sustained and appeal was taken to the district court where the demurrer was again sustained. This appeal followed.

The questions presented are:

1. Are the Emergency Price Control Act of 1942 of the United States and the regulations issued thereunder with reference to rent control valid and binding upon the courts of this state?

2. Does an action by a landlord to evict a tenant for nonpayment of rent fall within the purview of the price control act?

3. Is a bill of particulars or petition, which otherwise states a cause of action under Kansas law for eviction of a tenant and for possession of real estate, demurrable for the reason that it fails to allege that the notices required by the price control act have been given?

These questions are substantially the same as those considered by this court and this day determined in the case of *Ritchie v. Johnson*, ante, p. 103, 144 P. 2d 925. They are fully discussed in the opinion in that case, written by Mr. Justice Thiele. We need not here deal with them again at any great length. It will be sufficient to note and consider briefly the special aspects of the instant case, and to summarize the controlling principles of law involved. Comments here indulged, and authorities cited, are intended, in the main, to be supplementary only.

It is conceded that as far as Kansas statutes are concerned the bill of particulars was good as against demurrer. In it plaintiffs alleged that they were the owners of the real estate described and entitled to its possession; that the defendants were "unlawfully, wrongfully and forcibly" withholding possession from them; that defendants were indebted to them for past-due rent in the sum of $109.50; that the statutory notice required before instituting action for possession had been duly served upon defendants—copy of such notice being attached—and that none of the defendants was or had been within thirty days prior thereto in the military service of the United States or otherwise subject to the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940. Prayer was for immediate possession and for costs of the action.

Defendants demurred for the following reasons:

"1—That the bill of particulars heretofore filed herein fails to state facts sufficient to constitute a cause of action in favor of plaintiff and against defendant.

"2—That the above named court has no jurisdiction to hear said cause for the reason plaintiff has failed to comply with the O. P. A. regulation in such cases made and provided; that the purported notice heretofore served on defendants was not served on the area rental director within twenty-four (24) hours after having been served upon the above named defendants."

In sustaining the demurrer and motion to dismiss the trial court stated that it did so "for the reason that plaintiffs' petition failed to show on its face that plaintiffs had complied with subsection (b) (1) and subsection (d) of section 1388.586 of the maximum rent regulation 57 of the Office of Price Administration."

Before proceeding further it is well to note that subsequent to the trial in the court below the rent regulations involved have been redesignated and their numbering simplified. What was denominated "Maximum Rent Regulation No. 57" became—effective June

1, 1943—"Rent Regulation for Housing" (8 Fed. Reg. 7322). Section 1388.586 referred to by the trial court is now section 6. (In referring herein to the regulations the current designations will be used.)

The Emergency Price Control Act (56 Stat. 23, 50 U. S. C. A. 901 *et seq.*) deals, among other matters, with certain rent controls to be exercised by the federal government, within areas designated as defense-rental areas. (Sec. 902 [b], 50 U. S. C. A.) Saline county, in which the property here involved is located, is a part of such a defense-rental area, under regulations issued by the administrator of the act.

The constitution and laws of the United States made in pursuance thereof are the supreme law of the land (U. S. Const. art. VI) and are binding upon state as well as federal courts. (*Claflin v. Houseman, Assignee,* 93 U. S. 130, 23 L. Ed. 833, 838.) It follows that regulations issued under the authority of federal law and having the force and effect of law are likewise binding upon state courts. The Federal Register Act of 1935 (49 Stat. 501, 44 U. S. C. A. Supp., § 301 *et seq.*) provided for the filing and publication of regulations of federal administrative officers having the force and effect of law, and further provided that "every document or order which shall prescribe a penalty shall be deemed to have general applicability and legal effect." (Fed. Reg. Act, sec. 5, 44 U. S. C. A., § 305a.) It further provided that "the contents of the federal register shall be judicially noticed." (49 Stat. 502, 44 U. S. C. A., § 307.) In any event the provisions of the regulations involved were called to the trial court's attention, for consideration in passing upon the demurrer, and appellants make no contention that the regulations applicable to the Salina defense-rental area were not duly issued and filed.

The primary questions relating to the constitutionality of the price control act are adequately treated in *Ritchie v. Johnson,* supra, and need not be gone into generally here. We have there held that the act fixes standards of administration sufficiently definite to fortify it against attack as a delegation of legislative power; that it constitutes a valid exercise of the war powers of congress; that it does not violate the fifth amendment or other provisions of the federal constitution, and that under its provisions state courts are without jurisdiction to pass upon the validity of regulations duly issued under the act—a special Emergency Court of Appeals, created by

the act, being clothed with exclusive jurisdiction over such questions, subject to review by the United States Supreme Court.

Having determined that the price control act and the regulations issued under it are valid and were binding upon the trial court, we now consider briefly the contentions made with reference to distinctive aspects of the instant case.

Appellants urge that the whole purpose of the price control act is to prevent the sky-rocketing of rents and especially to protect the dependents of men in the military service; that in the instant case the monthly rental has been approved by the federal authorities and is in no way involved; that defendants are neither in the military service nor dependents of any persons in such service; that the cause of action is based solely upon nonpayment of rent and that therefore the case falls wholly outside the purview of the price control act.

In the first place, the price control act is by no means limited to properties occupied by men in the military service or by their dependents. The broad purposes of the act, as a war measure, are outlined in *Ritchie v. Johnson,* supra, and need not be discussed here.

In the second place the act itself not only does not provide that it shall not apply to actions to evict for nonpayment of rent but specifically provides that: "Regulations, orders and requirements under this act may contain such provisions as the administrator deems necessary to prevent the circumvention or evasion thereof." (50 U. S. C. A., § 902 [g].) The regulations include specific provisions as to notice in the case of actions to evict for nonpayment of rent. It is true that the provisions as to notice in paragraphs (1), (2), (3), (4), (5) and (6) of section 6(a) of the regulations appear to relate only to cases where the tenant has continued to pay rent, but section 6(d)(1)—both now and at the time of the instant trial— relates to notices in all cases, regardless of the grounds for eviction. At the time of trial the pertinent provisions were:

"(d) (1) Every notice to a tenant to vacate or surrender possession of housing accommodations shall state the ground under this section upon which the landlord relies for removal or eviction of the tenant. A written copy of such notice shall be given to the Area Rent Office within 24 hours after the notice is given to the tenant.

"No tenant shall be removed or evicted from housing accommodations, by court process or otherwise, unless, at least ten days prior to the time specified for surrender of possession and to the commencement of any action for removal or eviction, the landlord has given written notices of the proposed removal or eviction to the tenant and to the Area Rent Office, stating the ground

under this section upon which such removal or eviction is sought and specifying the time when the tenant is required to surrender possession.

"*Where the ground for removal or eviction of a tenant is nonpayment of rent,* every notice under this paragraph (d) (1) shall state the rent for the housing accommodations, the amount of rent due and the rental period or periods for which such rent is due." (Italics supplied.)

The landlord was and is only relieved from the necessity of serving such notices upon the rent area office if he has prior thereto secured a certificate from the administrator authorizing him to "pursue his remedies in accordance with the requirements of the local law." (Sec. 6 [b] [1].) It was not alleged nor is it now contended that such a certificate had been issued in this case.

It was not for the trial court to consider whether it was necessary to include in the regulations a requirement as to notice where the sole ground for eviction is nonpayment of rent. It was the function of the administrator to determine whether such provisions were necessary in order to make effective the broad purposes of the act and to prevent its evasion. Citizens or courts may disagree with the administrator's views and may be burdened, fairly or unfairly, by some of the regulations adopted to enforce the act which congress deemed necessary in prosecution of the mighty struggle in which the nation is now engaged, but the regulations must stand and be observed, subject only to the administrative relief and the judicial review provided in the act.

In this connection it may also be well to note that the regulations in no way preclude eviction for nonpayment of rent. Section 6 (a) specifically recognizes such right. The only requirement is that the rent area director be notified that action is to be begun—presumably for the purpose of protecting the act against evasion.

All that remains to consider is whether failure to serve notice on the rent area director was entirely a matter of defense to be raised by answer. In other words, whether the question was raised by demurrer. This question is also answered in *Ritchie v. Johnson.* Since no tenant may be evicted unless the requirements as to notices have been complied with, it follows that a pleading which fails to allege such compliance lacks an element essential to judgment and therefore fails to state a cause of action. In addition to the textbook statements bearing upon the question and cited in *Ritchie v. Johnson* we add the recent case of *Johnson. v. Swanson,* decided by the superior court of Washington on March 5, 1943 (O. P. A.

Service [Pike & Fischer] 622:89), which is directly in point, the syllabus reading:

· "The requirement of section 6 (d) of the maximum rent regulations, that notice be given to the area rent office before institution of an eviction action, is mandatory and a complaint in an eviction action which fails to allege compliance with the section fails to state a cause of action."

(See, also, to same effect *Kinkopf v. Martoni*, an Ohio court of common pleas case, decided September 11, 1942; O. P. A. Service [Pike & Fischer] 622:95; and *Hamrick v. Dufford* [1943], 71 Ohio App. 552, 50 N. E. 2d 566.)

The demurrer was properly sustained, and the judgment is affirmed.

HARVEY and SMITH, JJ., dissent for the reasons stated in the dissenting opinion in *Ritchie v. Johnson,* this day decided.