Kappa Sigma, a college fraternity, owner and lessor of the two-story residence No. 925 Broadway St. in the city of New Orleans, filed a rule in the Civil District Court for the Parish of Orleans to evict its tenant, Alpha Kappa Kappa, another college fraternity, on the ground that it desired possession of the premises for personal occupancy. It alleged that the property had been rented under a monthly verbal lease for the sum of $130 per month; that, on or before December 20, 1943, it had served the lessee with a ten-day notice to vacate the premises prior to the expiration of that month and that it had obtained a certificate from the Office of Price Administration authorizing the giving of the notice to vacate and the institution of the ejectment proceeding.
The lessee resisted the rule for possession on three grounds, (1) that it was not notified to vacate the premises within ten days prior to the end of December 1943 as required by law, (2) that lessor failed to comply with OPA housing regulations and (3) that, at all events, the rule should be dismissed because the property was not rented under a monthly lease but for the duration of the war.
After a trial in the lower court on the foregoing issues, the rule was made absolute and the lessee was ordered to deliver the possession of the premises to the lessor. The lessee has appealed suspensively from the adverse decision.
The lessee has abandoned, in this court, its contention that the ten-day notice to vacate the premises was not served upon it. However, it maintains that the district judge erred in making the rule absolute for the reason that the lessor failed to prove that it has complied with the OPA housing regulations and because the evidence establishes that the lease, although a verbal one, was to continue until the termination of the war.
We direct our immediate attention to lessee's contention that the lessor has failed to prove that it has complied with the regulations of OPA. The housing regulations made and promulgated by the Office of Price Administration (see OPA Service Vol. 14, page 200: 365 Section 6 (d)) require:
"(1) Every notice to a tenant to vacate or surrender possession of housing accomodations shall state the ground under this section upon which the landlord relies for removal or eviction of the tenant. A written copy of such notice shall be given to the Area Rent Officer within 24 hours after the notice is given to the tenant.
"No tenant shall be removed or evicted from housing accomodations by court process or otherwise, unless, at least ten days * * * prior to the time specified for surrender of possession and to the commencement of any action for removal or eviction, the landlord has given written notices of the proposed removal or eviction to the tenant and to the Area Rent Office, stating the ground under this section upon which such removal or eviction is sought and specifying the time when the tenant is required to surrender possession. * * *
"(2) At the time of commencing any action to remove or evict a tenant, including an action based upon nonpayment of rent, the landlord shall give written notice thereof to the Area Rent Office stating the title of the case, the number of the case where that is possible, the court in which it is filed, the name and address of the tenant, and the ground under this section on which removal or eviction is sought."
There can be little doubt as to the meaning of the foregoing provisions which we find to be clearly and concisely expressed. The interesting question, however, relates to the legal effect of the landlord's failure to give OPA the notices prescribed by the regulation. Does it compel the dismissal of the ejectment proceeding? And has a tenant the right to complain where OPA is not objecting to the violation? Unquestionably, the state courts are required to recognize and enforce the OPA regulations as they are superimposed upon our local law. Therefore, in determining whether a failure to observe a provision of the regulations has the effect of denying the rights accorded to the landlord under local law, investigation must be made of the particular provision in order to discern whether it was intended that its infraction should be considered as a bar to relief.
It has been held, in other jurisdictions, that the provisions of section 6 (d) of OPA regulations are mandatory and that relief cannot be granted to the landlord in the absence of allegation and proof that the notices therein provided for have been given. See Morrison v. Hutchins, 158 Kan. 123, 144 P.2d 922; Johnson v. Swanson, *Page 68 
Superior Court State of Washington; Kinkopf v. Martoni, Com.Pl., 9 Ohio Supp. 134; Kent v. Baswell, Georgia, Macon Municipal Court; and Wilber v. Falske, California Appellate Dept. of Superior Court, reported in OPA Service, Vol. 15, pp. 622, 89, 95, 182 and 297. We are not wholly in accord with these authorities for the reasons hereinafter pointed out.
It will be seen from an examination of section 6 (d) of the regulations that it is contemplated that two notices be given to the OPA in case the landlord desires to evict his tenant — i.e., a copy of the vacate notice and a notice of the commencement of eviction proceedings. The notice prescribed by subsection 1 is a notice to the tenant to vacate the premises and, in the first paragraph, it is provided that a written copy of it shall be given to the Area Rent Office within 24 hours after it is given to the tenant. However, failure to deliver a written copy of the vacate notice to OPA within 24 hours from the time it is served on the tenant cannot be regarded as fatal to a subsequent eviction proceeding brought by the landlord, when consideration is given to the second paragraph of subsection 1 which declares that the courts shall not order the removal or eviction of a tenant unless the landlord has, at least 10 days prior to the time specified for surrender of possession or the commencement of an eviction proceeding, given written notice of the proposed removal or eviction to the tenant and to the Area Rent Office. Therefore, while failure to deliver a copy of the notice to vacate to the Area Rent Office within 24 hours is violative of the regulations and may subject the landlord to the criminal penalties provided therein, the non-observance of this provision does not operate to restrain the courts from ejecting the tenant where it has been alleged and proved in a rule for possession that a written copy of the notice to vacate was given to the Area Rent Office "at least 10 days * * * prior to the time specified for surrender of possession and to the commencement of any action for removal or eviction".
The same may be said to be true of subsection 2 of section 6 (d) of the regulations, which requires that OPA be given written notice of the ejectment action at the time of its commencement. Failure to comply with this provision unquestionably subjects the landlord to the penalties provided by the regulations. But it is most significant to note the absence of a provision, similar to the one contained in the second paragraph of subsection 1 of section 6 (d), prohibiting the courts from granting an eviction order in the event of a non-compliance. Consequently, it is reasonable to conclude that the framers of the regulations did not intend that the failure of the landlord to give the notice required by subsection 2 should provide to the tenant a valid defense to the action.
We are therefore of the opinion that the failure of a landlord to serve the OPA with a copy of the vacate notice within 24 hours of the time it is given to the tenant as prescribed by the first paragraph of subsection 1 of section 6 (d) of the regulations or to give OPA the notice provided by subsection 2 is not necessarily fatal to an ejectment proceeding brought under the state law and that, while a non-observance of the provisions may be raised by OPA, it cannot be availed of by the tenant as a defense to the action. However, since the second paragraph of subsection 1 of section 6 (d) of the regulations provides that no tenant shall be evicted by court process unless a copy of the notice to vacate is given to the tenant and to the OPA at least ten days prior to the time specified in the notice for surrender of the premises and to the commencement of any action for eviction, it is essential for the landlord to allege and prove that this provision has been complied with in order to sustain his demand.
Examination of the record in this case has been sufficient to satisfy us that the lessor has failed to show that a copy of the 10-day notice to vacate, which was served upon the lessee, was given to the Area Rent Office of OPA at least 10 days prior to the time specified for surrender of possession or 10 days prior to the commencement of this action. The only evidence on this point is that of Mr. Eugene J. Gibert, Jr., President of lessor fraternity, and Mr. George A. Sherman, Deputy Constable of the First City Court of New Orleans. Mr. Gibert testified that he called at the office of OPA during the early part of December 1943 and inquired of one of its employees whether a 90-day notice to vacate should be given the lessee prior to the institution of a rule for possession; that he was advised by OPA that, since lessor had owned the property involved for many years, a 90-day notice was unnecessary and that he was instructed to go to the office of the Constable of the First *Page 69 
City Court and make arrangements for service of the 10-day vacate notice provided by Louisiana law. In accordance with these instructions, Mr. Gibert went to the Constable's office and, on December 17, 1943, caused the issuance of the usual 10-day notice, demanding possession of the premises on or before January 1, 1944. This notice was served on the lessee on December 18, 1943.
Counsel for plaintiff maintain that Mr. Gibert's verbal notice to the OPA office, during the early part of December 1943, that lessor desired possession of the premises was sufficient as it substantially complied with the provisions of the second paragraph of subsection 1 of section 6 (d) of the regulations.
We find no merit in this contention. The regulation provides for a written notice. A verbal one is obviously insufficient.
Mr. Sherman, Deputy Constable of the First City Court, testified that, since OPA regulations have been in effect, the Constable's office has adopted a method of procedure by which the ten-day vacate notices issued out of the office are served, in due course, on OPA. He says that the notice to vacate is made in triplicate; that one copy is served upon the tenant; that one is used by the constable for his return and that the other is placed in an envelope and, together with other like notices, delivered to OPA. However, on cross-examination, Mr. Sherman frankly admitted that he could not swear that a copy of the vacate notice in the present case was actually delivered to OPA, explaining that it should have been delivered in the ordinary course of events in accordance with the custom of his office.
The burden of proof was on lessor to show not only that the notice was given to OPA but that it was delivered at least ten days prior to the time lessee was to surrender possession of the premises and to the commencement of the ejectment action. It is manifest, in view of Mr. Sherman's admission, that his testimony is wholly inadequate to sustain a conclusion that lessor has complied with the regulation. Therefore, its rule should have been discharged.
The conclusion which we have reached makes it unnecessary for us to pass upon lessee's contention that the lease was not one from month to month but that the parties contemplated its continuance until termination of the war.
It was mentioned during the oral argument of the case that, in the event we were of the opinion that lessor had failed to prove compliance with OPA regulations, it would be in order to remand the matter for the purpose of giving it the opportunity of supplementing its proof. However, it appears from the record that the trial judge reopened the case on two occasions at lessor's request, over the objection of counsel for lessee, in order to permit the submission of additional proof by it to show compliance with the OPA regulation. In view of the previous indulgences accorded to lessor by our brother below, it is clear that every reasonable opportunity has been given to it to supply the necessary evidence in support of its demand. Therefore, further indulgences appear not only to be unwarranted but highly prejudicial to lessee's right to have the litigation terminated.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that lessor's rule be discharged at its cost.
Reversed.