KATIE JORDAN v. LEE MOORE.—194 S. W. (2d) 948.

Kansas City Court of Appeals. April 22, 1946.

*Conger R. Smith* for appellant.

No brief for respondent.

BOYER, C.—This is an action in unlawful detainer filed before a justice of the peace in Kaw Township, Jackson County, Missouri, November 8, 1944. Plaintiff sought to recover possession of premises described as the first floor apartment of 1222 Olive Street in the City of Kansas City, Kaw Township, Jackson County, Missouri. The complaint charged "that the defendant willfully and unlawfully holds over and detains possession of said premises or wrongfully and without force, by disseizin, obtained possession of said premises, and has ever since held and still holds possession thereof wrongfully and unlawfully." Defendant filed in the justice court a motion to dismiss the cause "for the reason that the complaint of unlawful detainer filed herein by plaintiff does not state facts sufficient to constitute a cause of action against defendant."

The cause was tried before the justice, trial by jury having been waived. The result was that defendant's motion to dismiss was overruled. The court found defendant guilty in manner and form as charged in the complaint and rendered judgment that plaintiff have restitution of the premises described, together with damages and double rent until restitution be made.

Defendant appealed from this judgment to the circuit court where upon trial plaintiff obtained a jury verdict finding the defendant guilty in manner and form as charged in the complaint and that the value of the monthly rent was twenty dollars. Upon this verdict the court rendered judgment January 29, 1945, that plaintiff have restitution of the premises described, found by the jury to have been forcibly and unlawfully detained and recover from the defendant the sum of forty dollars per month, double the sum found by the

jury, for rents and profits from the 13th day of December, 1944, until restitution be made.

The defendant duly appealed from the foregoing judgment, and for reversal thereof relies in the main upon the following contentions: 1. That the complaint does not state a cause of action or claim under the laws of Missouri. 2. That the complaint does not state a cause of action under the terms of the Emergency Price Control Act of 1942, and the rules and regulations of the Office of Price Administration because plaintiff failed to plead compliance with said Act and the rules and regulations of the O. P. A.

It is first contended that under the law of Missouri the complaint is self-destructive and states no cause of action because plaintiff combines two causes of unlawful detainer in one count; that the two alleged grounds of unlawful detainer authorized by Sec. 2833, Revised Statutes Missouri 1939, afford wholly separate and distinct causes of action; and that the two kinds of unlawful detainer charged in the complaint are contradictory and repugnant, with the result that no cause of action is stated. Reliance is placed upon the case of Howes v. Muir, 226 S. W. 610, wherein the difference between the two separate causes of action is indicated. In that case this court was considering the right of plaintiff to amend his complaint in the circuit court on appeal so as to shift his cause of action to another and different ground for recovery other than that alleged in the original complaint of unlawful detainer. The matter decided was that one cause of action for unlawful detainer could not be substituted for the other in that manner because the same case must be tried by the circuit court that was heard by the justice court.

The situation in the pending case is like that presented to this court in Bruner v. Stevenson, 73 S. W. (2d) 413. In that case the complaint was based upon both of the grounds of action in unlawful detainer similar to that in this case. It was there contended that the complaint stated no cause of action for the reason that it alleged in one count two distinct and inconsistent allegations, so at variance as to be self-destructive. The distinction between these different grounds of action is again indicated, but the court ruled that the proper way to preserve the point sought to be made would have been to file a motion to elect which was not done, and the defendant was in no position to complain. Numerous cases are cited. So far as the Missouri authorities are concerned on the point sought to be made under Missouri law, we think the foregoing case rules the case in hand contrary to the contention of appellant. The defendant merely filed a motion to dismiss the complaint on the ground that it stated no cause of action. No reason was assigned why the complaint was insufficient. There was no motion to require plaintiff to elect upon which ground of unlawful detainer she would proceed. The complaint does not fail to state a cause of action, but in fact states two causes of action, and

if the defendant desired to limit the plaintiff to one or the other he should have filed his motion requiring an election, in the absence of which he will not be heard to complain on appeal.

It is next contended that the complaint in this case states no cause of action because plaintiff failed to plead compliance with the terms of the Emergency Price Control Act of 1942, and the rules and regulations of the Office of Price Administration. From the showing in the record and facts that may be judicially noticed, we may assume and conclude that there is no question but that the Act of Congress above mentioned and the regulations of the O. P. A. apply to the rental of property described and the eviction of the tenant therefrom. The complaint in this case makes no mention whatever of the federal Act aforesaid or of any compliance with the regulations thereunder. However plaintiff, evidently in an effort to show compliance with federal regulations, offered in evidence a notice to defendant to vacate the property which was filed with the Office of Price Administration and also notice of the eviction action filed in the same office, both of which bore the endorsement ''sufficient'' made by some one in the office.

Due to the nature of the assignments on this appeal, we do not find it necessary to make any further statement of the evidence offered in the case.

At the close of the evidence the defendant requested a directed verdict which was refused. In submitting the case the court instructed the jury, over the objection of defendant, that the plaintiff had complied with all the rules and regulations of the rent control division of the Office of Price Administration of the United States required for the filing of this suit. In the absence of a plea of compliance, we do not see how such an instruction should be justified. The objection of defendant should have been sustained.

There does not appear to be any Missouri adjudication upon the question of pleading now being considered, but the question has been definitely and specifically adjudged by the Supreme Court of Kansas in Morrison v. Hutchins, 144 Pac. (2d) 922, 158 Kan. 123, and in Ritchie v. Johnson, 144 Pac. (2d) 925, 158 Kan. 103. In these two cases will be found a complete and thorough consideration of the Emergency Price Control Act, the purpose and object thereof, and the necessity of pleading compliance therewith in order to procure the eviction of a tenant. Both decisions expressly rule that a pleading which fails to allege compliance lacks an element essential to judgment, and therefore fails to state a cause of action. The exposition of the law in these cases and the authorities therein cited afford ample ground for the conclusion reached upon the necessity of pleading compliance with the federal law in order to state a cause of action, and that failure to so plead omits an essential element for judgment in an action for eviction.

In actions for unlawful detainer the courts of California have likewise ruled that the complaint, in order to state a cause of action, must plead compliance with the applicable provisions of the O. P. A. rent regulations under the Emergency Price Control Act of 1942. [Lester v. Isaac, 146 Pac. (2d) 524; Wrenn v. Sutton, 150 Pac. (2d) 589.]

We are of opinion that the question of pleading which we have to decide has been soundly ruled in the foregoing cases, and in accordance therewith hold that the complaint filed in this case was insufficient to state a cause of action or ground for relief because of its failure to plead compliance with the applicable federal law. In view of such conclusion we hold that the defendant was entitled to an instructed verdict and that the judgment in this case was unauthorized.

Appellant further contends that the trial court erroneously rendered judgment against defendant for double the amount of the monthly rent found by the jury, and that such judgment violates the provisions of the Emergency Price Control Act and the rules and regulations of the Office of Price Administration thereunder. Judgment for double the amount of monthly rent found by the jury in unlawful detainer is permitted under Sec. 2850, Revised Statutes Missouri 1939. It is appellant's contention that the state statute was superseded and in effect suspended upon the enactment by Congress of the Emergency Price Control Act, and that no amount of rent may be recovered over and above the rent as frozen or approved by the price administration. The authority cited by appellant in Ricci v. Claire et al., 33 Atl. (2d) 591. That case sets forth the provisions of the Emergency Price Control Act of 1942, 50 U. S. C. A., and various provisions of rent regulation thereunder, and upon consideration of the question now in hand ruled that the federal law must take precedence over the state law, and that a landlord would not be permitted, pursuant to a state statute, to receive as rent what the laws of Congress expressly or impliedly intended to prohibit; and that under the provisions of the Emergency Price Control Act no recovery was permissible above the amount of monthly rent received. We are of opinion that a like ruling must be made in the pending case, and that the judgment for double the amount of monthly rent found by the jury was unauthorized.

It appears from the record in this case that plaintiff has been represented at various times by three different attorneys. One attorney prepared and verified the complaint; another prepared the notice to serve on the tenant; and another attorney represented plaintiff in the trial of the case and accepted service of appellant's brief, but we have not been favored with a brief on behalf of respondent in this case.

From the foregoing it results that the judgment in this case should be reversed and the cause remanded. The Commissioner so recommends. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of BOYER, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded. All concur.