**GLINK, Plaintiff-Appellee, v PENNELL, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4041. Decided October 16th, 1947.

Waymon B. McLeskey, Columbus, for plaintiff-appellee.
Edward F. Lynch, Columbus, for defendant-appellant.

**OPINION**

By WISEMAN, PJ.

This is an appeal on questions of law from the judgment of the Municipal Court of the City of Columbus, Ohio. The plaintiff brought an action in forcible entry and detainer, to which the defendant filed a demurrer claiming that the petition did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendant not desiring to plead further, the Court rendered judgment for the plaintiff.

The defendant has assigned as error the action of the trial court in overruling defendant's demurrer to the petition and rendering judgment to the plaintiff.

The plaintiff's petition is as follows:

"Plaintiff states that the defendant has since the 15th day of March, 1947, and does still unlawfully and forcibly detain from plaintiff possession of the premises located at and known as 1183 City Park Avenue in the City of Columbus, Ohio; that said defendant entered upon said premises as the tenant of said plaintiff; that said tenancy expired on the date hereinbefore mentioned; that from said date said defendant has unlawfully and forcibly held over said term and that on the 10th day of March, 1947, said plaintiff served upon said defendant, as required by law, notice in writing to leave said premises.

"WHEREFORE, plaintiff asks process and restitution, together with such other and further relief to which he may be entitled in the premises."

It will be noted that the plaintiff did not allege in his petition compliance with Rent Regulations issued under authority of the Emergency Price Control Act. Was the petition demurrable because compliance with Rent Regulations was not alleged? This precise question is not well settled by the case law in Ohio.

The plaintiff contends that he has complied with the provisions of §10452 GC, which provides:

"The summons shall not issue herein until the plaintiff files his complaint in writing with the justice, which shall particularly describe the premises so entered upon and detained, and set forth either an unlawful and forcible entry and detention, or an unlawful and forcible detention after a peaceable or lawful entry of the described premises."

Unquestionably the plaintiff has alleged a good cause of action under §10452 GC, and but for the Rent Regulations issued under the authority of the Emergency Price Control Act, the defendant's demurrer was properly overruled. The question then presented is: What effect does the Rent Regulations have on the rights of the landlord in prosecuting an action in forcible entry and detainer under the Ohio sections relating to such proceedings?

In several opinions decided by the courts of this state it has been held that the Emergency Price Control Act and Rent Regulations promulgated in pursuance thereof are not binding on the state courts in any case where price is not involved. **Callahan v Wasmire, 39 Abs 595; Hurst v Haak, 73 Oh Ap 189; Grant v Herr, 40 Abs 363.** In Vol. 154 A. L. R. p. 1462, there appears a statement to the effect that the decision in Grant v Herr is out of harmony with the rule adopted by most courts. A contrary view was taken in **Hamrick v Dufford, 71 Oh Ap 552,** in which the Court held that the provisions of the Emergency Price Control Act of 1942 and Rent Regulations promulgated by the Office of Price Administration are binding upon state courts. This view is supported by the following authorities in other jurisdictions: Snyder v Reshenk, 131 Conn. 252; 38 A. 2d Series, 802; Bell v Dennis, 158 Kan. 35, 144 P. 2d, 938; Ritchie v Johnson, 158 Kan. 103, 144 P. 2d, 925; Morrison v Hutchins, 158 Kan. 123, 144 P. 2d, 922; Bumgarner v Orton, 63 Cal. App. Supp. (2d Series) 841, 146 P. 2d, 67; Bauer v Neuzil, 66 Cal. App. Supp. (2d Series) 1020, 152 P. 2d, 47; Lester v Isaac, 146 P. 2d, 524 (App. Dept. Superior Court, Los Angeles County, Calif.); Wrenn v Sutton, 150 P 2d, 589 (App. Dept. Superior Court, Los Angeles County, Calif).

All doubt is removed and the matter put at rest by a decision of the Supreme Court of the United States in the case of Parker v Fleming, 67 Supreme Court Rep. 463, decided January 20, 1947, in which it held:

"The Emergency Price Control Act was intended in part to prevent excessive rents in the public interest, and anti-

eviction regulations of price administrator promulgated pursuant to the act were specifically designed to prevent manipulative renting practices which would result in excessive rents."

Accordingly, we hold that under Article VI of the United States Constitution, the provisions of the Emergency Price Control Act and Rent Regulations promulgated under authority of the Act are the supreme law of the land, and are binding on state courts. The provisions of the Act and the Rent Regulations issued thereunder impose additional burdens and restrictions on the rights of the landlord in prosecuting an action to dispossess a tenant under local law.

We revert to the principal question: Is the plaintiff required in the complaint to specifically aver compliance with the Rent Regulations? The Ohio authorities heretofore cited did not involve a question of pleading. In Kirschbaum v Mobley, 26 OO 333 (Municipal Court of Cleveland), and in Kinkopf v Martoni, 37 Abs 523 (Common Pleas Court of Cuyahoga County), it was held that compliance with the Rent Regulations is jurisdictional and must be alleged in the complaint. The cases hereinbefore cited from Kansas and California take the same view of the matter. Both of these states have statutory provisions similar to §10451 GC, which provides for giving a three-day notice to the tenant to leave the premises, and §10452 GC, which prescribes what the complaint shall contain.

A proceeding in forcible entry and detainer was not a remedy at common law, but was given by statute. Yager v Wilber, 8 Ohio 398, 399. The Legislature deemed it advisable to prescribe specifically what the complaint of the landlord shall contain. Sec. 10452 GC. A complaint is sufficient if it conforms to the provisions of this statute. 19 O. Jur. 187; Barto v Abbe, 16 Ohio 408; Brown, Guardian, v Burdick, 25 Oh St 260; Ruminski v Brenzo, 11 Abs 351. Authors of Form of Pleading (Swan Treatise, 29th Edition, p. 529; Bates, 4th Edition, Section 1533 F.-2, p. 1394) suggest that in a landlord's complaint an allegation be made that the notice to leave the premises as required by §10451 GC, has been given. This has been the accepted practice, although no such allegation is required by §10452 GC, which is controlling. It has been held that if the complaint conforms to the statute no allegations of additional facts are required. Barto v Abbe, supra; Brown, Guardian, v Burdick, supra.

It may be conceded that in the absence of a statute which specifically provides what the plaintiff shall allege to constitute a good cause of action, compliance with such Rent Regula-

tions, which are in the nature of conditions precedent, should be affirmatively pleaded under the ordinary rules of good pleading. However, when the legislature has set forth specifically in a statute what allegations shall constitute a good cause of action, the ordinary rules of good pleading must give way to the statutory provisions. The Congress in enacting the Emergency Price Control Act very carefully refrained from making any attempt to control the procedural steps to be taken by the state court in the exercise of its jurisdiction.

Likewise, the Office of Price Administration very wisely provided in Section 6(a) of the Rent Regulations that "no tenant shall be removed" rather than no action shall be begun. We find no provision in the Emergency Price Control Act or the Rent Regulations which expressly or by necessary implication attempts to control, limit or restrict the application of the plain and unequivocal provisions of §10452 GC. Compliance with the Rent Regulations becomes a matter of proof rather than a matter of pleading. The demurrer was properly overruled. Judgment affirmed.

MILLER and HORNBECK, JJ, concur.